**STATE OF NEW YORK**
**SUPREME COURT: COUNTY OF ERIE** _____

**ERIC C. MARTIN**                                                    **SUMMONS**
191 Brinton Street                                                    **Served with Complaint**
Buffalo, New York 14216

                                                                      Index No.: _____

                                      Plaintiff

   v**.**

**TOWN OF TONAWANDA**
**POLICE DEPARTMENT**
o/b/o the **TOWN OF TONAWANDA**
1835 Sheridan Drive
Tonawanda, New York 14223
2919 Delaware Road
Kenmore, New York 14217

**SPEEDWAY, LLC**
535 Kenmore Avenue
Tonawanda, New York 14223

**MARATHON PETROLEUM CORPORATION**
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

**JOHN DOE #1, 2, 3, 4, 5, 6, 7, 8**
as employees of Defendant,
**TOWN OF TONAWANDA**
**POLICE DEPARTMENT**

                                      Defendants
_____

**TO THE ABOVE-NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's
attorney, at the address stated below, a written Answer to the attached Complaint.

      If this Summons is served upon you within the State of New York by personal service you
must respond within TWENTY (20) days after service, not counting the day of service. If this
Summons is not personally delivered to you within the State of New York you must respond within
THIRTY (30) days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above, a judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of Erie because of Plaintiff's residence and the location of the incident.


DATED:     Buffalo, New York
           June 29, 2021

                                        **JOHN FEROLETO, ESQ.**
                                        **FEROLETO LAW**
                                        *Attorneys for Plaintiff*
                                        438 Main Street, Suite 910
                                        Buffalo, New York 14202
                                        Telephone: (716) 854-0700

**STATE OF NEW YORK**
**SUPREME COURT: COUNTY OF ERIE**

**ERIC C. MARTIN**
191 Brinton Street
Buffalo, New York 14216

                                  **Plaintiff**

        v.

**TOWN OF TONAWANDA**
**POLICE DEPARTMENT**
o/b/o the **TOWN OF TONAWANDA**
1835 Sheridan Drive
Tonawanda, New York 14223
2919 Delaware Road
Kenmore, New York 14217

**SPEEDWAY, LLC**
535 Kenmore Avenue
Tonawanda, New York 14223

**MARATHON PETROLEUM CORPORATION**
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

**JOHN DOE #1, 2, 3, 4, 5, 6, 7, 8**
as employees of Defendant,
**TOWN OF TONAWANDA**
**POLICE DEPARTMENT**

                                  **COMPLAINT**

                        Index No. _____

                                Defendants

        The Plaintiff above named, through his attorneys, for his cause of action against the

Defendants herein, alleges upon information and/or knowledge and/or belief:

1.      That at all relevant times, the Plaintiff, ERIC C. MARTIN was and still is a resident of Erie County, New York and at all times relevant to the allegations of this complaint was a citizen of the United States.

2.      That at all relevant times, Defendant, TOWN of TONAWANDA POLICE DEPARTMENT, hereinafter referred to as "TTPD," was and is a Department or unit of the TOWN OF TONAWANDA, a municipal corporation as defined in Section 119-n of the General Municipal Law, organized and existing pursuant to the laws of the State of New York, with its police headquarters located at 1835 Sheridan Drive, Tonawanda, New York 14223.

3.      That at all relevant times, Defendant, SPEEDWAY, LLC, was and is a foreign limited liability company organized and existing under the laws of the State of New York authorized to do business at 535 Kenmore Avenue, Tonawanda, New York 14223 with its principal place of business located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

4.      That at all relevant times, Defendant, MARATHON PETROLEUM CORPORATION, was and is a foreign corporation with its principal place of business located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

5.      That at all times hereinafter mentioned, on or about July 9, 2020, Defendants, SPEEDWAY, LLC and Defendant, MARATHON PETROLEUM CORPORATION, hereinafter together referred to as "SPEEDWAY," were authorized to and conducted business in Erie County and the State of New York and operated a

Case 1:23-cv-00419-WMS-MJR Document 1-4 Filed 05/11/23 Page 5 of 21

retail outlet, sold gasoline, and New York State lottery items at 535 Kenmore Avenue, Tonawanda, New York 14223.

6.     That upon information and belief, Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, JOHN DOE #7, and JOHN DOE #8 are residents of the State of New York.

7.     That upon information and belief, the Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, and JOHN DOE #8 were employees or agents acting within the scope of their employment for Defendant, TTPD.

8.     That Plaintiff, ERIC C. MARTIN, was a customer of the SPEEDWAY retail store/gas station at 535 Kenmore Avenue, Tonawanda, New York 14223, and on various occasions purchased lottery tickets at the SPEEDWAY store.

9.     That on July 8, 2020, Plaintiff, ERIC C. MARTIN, visited the SPEEDWAY store, made a cash withdrawal at the SPEEDWAY store, and purchased a New York State lottery ticket.

10.     That on July 9, 2020 at approximately 1:30 p.m., Plaintiff, ERIC C. MARTIN, left his home at 191 Brinton Street, Buffalo, New York 14216 and went to the SPEEDWAY store at 535 Kenmore Avenue, Tonawanda, New York 14223 to redeem his winning $50.00 New York State lottery ticket he purchased the day before, July 8, 2020 at the same SPEEDWAY store for $30.00.

11.     That on July 9, 2020, while Plaintiff, ERIC C. MARTIN, was redeeming his winning New York State lottery ticket at the SPEEDWAY store, employees, agents, or servants of Defendant, SPEEDWAY, with negligence and wanton recklessness and without due care or procedure called the TTPD, claiming that Plaintiff, MR. MARTIN, was trying to cash a stolen New York State lottery ticket.

12.     That on July 9, 2020, while the Plaintiff was at the SPEEDWAY store, one or more of Defendant police personnel JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4 and JOHN DOE #5, while acting within the course and scope of their employment with Defendant, TTPD, if they chose, could have determined that Plaintiff, MR. MARTIN, was lawfully at the SPEEDWAY store to properly redeem his winning New York State lottery ticket.

13.     That Plaintiff, MR. MARTIN, was an African-American citizen of the United States of America who owns a home approximately 3/10 of a mile from the SPEEDWAY store located at 535 Kenmore Avenue, Tonawanda, New York 14223. That on July 9, 2020, Plaintiff ERIC C. MARTIN went to the SPEEDWAY store with his wife and infant daughter.

14.     That on July 9, 2020, at approximately 1:30 p.m., one or more of Defendant, TTPD, personnel willfully, intentionally, and with malice exaggerated and misstated facts to make Plaintiff, MR. MARTIN, appear to be a criminal, although he was not.

15.    That both SPEEDWAY and the TTPD engaged in racial profiling in an objectively unreasonable manner in light of facts and circumstances readily available to them.

16.    That the acts or omissions of one or more of the Defendant, TTPD, personnel were with wanton recklessness and intent, all under the color of law, and within the capacity of their positions with the Defendants, TTPD and TOWN of TONAWANDA.

17.    That employees of Defendant, TTPD, could have readily ascertained that Plaintiff, ERIC C. MARTIN was a lawful patron at the SPEEDWAY store on July 9, 2020.

18.    That the personnel of Defendant, TTPD, could have readily issued an appearance ticket at the SPEEDWAY store at 535 Kenmore Avenue, Tonawanda, New York 14223 to Plaintiff, MR. MARTIN, for the claim against him that the lottery ticket he purchased was purportedly stolen.

19.    That the personnel of the Defendant, TTPD, could have readily met with Plaintiff, MR. MARTIN, at the TTPD police headquarters to obtain information or discuss questions of MR. MARTIN's $50 dollar lottery ticket whereas instead, personnel of the Defendant, TTPD, chose to, under the color of law, demean him and humiliate him, and perform a "perp walk" in front of SPEEDWAY employees, members of the public and in front of Plaintiff's wife, ASHLEY MARTIN, and their infant child.

20.     That at no time did one or more personnel of the Defendant, TTPD,
attempt to comply with objectively reasonable rules or guidelines in issuing a desk
appearance ticket and acted with wanton recklessness and intent, and that one or more
of Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,  JOHN DOE #4, and
JOHN DOE #5, refused to investigate or inquire, refused to deescalate and used
unnecessary force in restraining Plaintiff, deprived him of his liberty, caused him bodily
harm, and caused him to be arrested and be detained at Defendant, TTPD, headquarters,
at 1835 Sheridan Drive, Tonawanda, New York 14223.

21.     That while detained at Defendant, TTPD, police headquarters, in
violation of fundamental rights afforded by the United States Constitution and the New
York Constitution, policies and procedures, ERIC C. MARTIN was taken to a jail cell
and strip searched by Defendant, TTPD, personnel, JOHN DOE #6, JOHN DOE #7,
and JOHN DOE #8, before Mr. MARTIN was given his freedom.

22.     That the imprisonment and strip search resulted in humiliation,
degradation, and emotional distress to the Plaintiff and were caused solely and wholly
by reason of the intentional act or omissions, wanton recklessness, and disregard of the
fundamental rights afforded to all Americans, including MR. MARTIN.

23.     Heretofore, and on or about September 30, 2020, a Notice of Claim was
served on behalf of the Plaintiff upon the Defendant, TTPD, and TOWN OF
TONAWANDA, New York, which Notice of Claim sets forth the name and post office
address of MR. MARTIN, claimant, the name and post office address of his attorneys,

the nature of the claim the time when, the place where, and the manner in which the claim arose, together with the items of damages and injuries then known to exist, and the said Notice of Claim was served upon the Defendant, TTPD, and TOWN OF TONAWANDA, New York, within ninety (90) days of the date upon which the claim arose, and that Plaintiff, MR. MARTIN, came forth on December 7, 2020 and provided testimony to the attorneys representing the Defendant, TTPD, and TOWN OF TONAWANDA. At least thirty (30) days have elapsed since the service of the Notice of Claim, as aforesaid, and the Defendant, TTPD, and TOWN OF TONAWANDA, New York, has failed and neglected to adjust or pay said claim.

24.    That by reason of the above, Plaintiff, ERIC C. MARTIN, has been injured and compelled to seek medical attention in an effort to alleviate his injuries and has been damaged in a sum that exceeds jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A FIRST CAUSE OF ACTION

25.    That the Plaintiff, MR. MARTIN, hereby restates and realleges paragraphs numbered 1-24 with the same force and effect as if they were separately restated, renumbered, and realleged at length herein.

26.    That on or about July 9, 2020 at approximately 1:30 p.m., Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5, were operating within the scope of their employment for the Defendant, TTPD.

Case 1:23-cv-00419-WMS-MJR   Document 1-4   Filed 05/11/23   Page 10 of 21

27.     That beginning on or about July 9, 2020 at approximately 1:30 p.m. in the County of Erie and State of New York, one or more of said Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5, intentionally and with wanton recklessness and negligence handcuffed and imprisoned Plaintiff to harm him, degrade him, humiliate him, and held him against his will under full force of arms until he was released on his own recognizance.

28.     That this imprisonment of Plaintiff, ERIC C. MARTIN, caused by personnel of the Defendant, TTPD, was without authority of the law and without just cause.

29.     That Plaintiff, ERIC C. MARTIN, was wholly innocent of any crime and was willing to meet Defendant's, TTPD, personnel at Defendant's, TTPD, headquarters, but was forced to submit to the arrest, imprisonment, and confinement by one or more of the Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5, entirely against his will.

30.     That one or more of Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5, while working within the scope of their employment for Defendant, TTPD, intended to confine plaintiff; plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and the confinement was not otherwise privileged.

31.     That by reason of the above-described false imprisonment and detention, Plaintiff was subjected to great indignity, humiliation, pain, and great distress of mind and body and Plaintiff has been otherwise damaged.

32.     That by reason of the above, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of the lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

33.     That the Plaintiff, ERIC C. MARTIN, hereby restates and realleges paragraphs numbered 1-32 with the same force and effect as if they were separately restated, renumbered, and realleged at length herein.

34.     That on July 9, 2020 at approximately 1:30 p.m. at 535 Kenmore Avenue, Tonawanda, New York 14223, Plaintiff was arrested by Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5, while working within the scope of their employment for Defendant, TTPD.

35.     That the arrest was caused by the actions or omissions of one or more of Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5 while working within the scope of their positions for Defendant, TTPD, with wanton recklessness and intent and in violation of rules, objective reasonableness, protocols, and refusal to consider basic information, which would have readily shown that Plaintiff, ERIC C. MARTIN, while at the SPEEDWAY store with his wife and infant daughter, was lawfully redeeming the New York State lottery ticket he purchased the day before and that Defendants did not have just cause to arrest MR. MARTIN.

Case 1:23-cv-00419-WMS-MJR    Document 1-4    Filed 05/11/23    Page 12 of 21

36.    That ERIC C. MARTIN was wholly innocent of any crime and at all times acted reasonably. However, Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5, did not, and chose to disregard, accelerate, and exacerbate the situation so as to arrest, imprison, and confine Plaintiff entirely against his will.

37.    That the Defendants intended to arrest and confine ERIC C. MARTIN; he was conscious of the arrest and confinement; did not consent to the arrest; and the arrest and his subsequent confinement was not otherwise privileged.

38.    That by reason of the above-described false arrest and detention, ERIC C. MARTIN, was subjected to great indignity, humiliation, pain, and great distress of mind and body and has otherwise been damaged.

39.    That by reason of the above, Plaintiff, ERIC C. MARTIN, has been damaged in a sum exceeding the jurisdictional limits of the lower courts.

**AS AND FOR A THIRD CAUSE OF ACTION**

40.    That the Plaintiff, ERIC C. MARTIN, hereby restates and realleges paragraphs numbered 1-39 with the same force and effect as if they were separately restated, renumbered, and realleged at length herein.

41.    That upon information and belief, at all times hereinafter mentioned, the Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, and JOHN DOE #5, were personnel of Defendant, TTPD, and were acting within the scope of their employment.

42.     That on or about July 9, 2020 at Speedway located at 535 Kenmore Avenue, Tonawanda, New York 14223, the Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5, caused injury to the Plaintiff, MR. MARTIN, as hereinafter stated.

43.     That Plaintiff ERIC C. MARTIN, had a constitutional right guaranteed by the Fourth Amendment to be free from unreasonable and excessive use of force and that the unnecessary force placed upon Plaintiff, MR. MARTIN, who had committed no crime and was lawfully at the SPEEDWAY store was without legal justification and that Defendants' method of arresting and searching Plaintiff, while handcuffed, was wanton, reckless, and exposed him to serious physical injury including his left shoulder, body, head, the areas around the said body parts, and the natural sequence and sequalae of said injuries.

44.     That the use of force, search, and injury to Plaintiff by one or more of Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5 was excessive, unreasonable, and unjustifiable under the circumstance and subjected Plaintiff to a deprivation of rights and privileges secured to him by the Constitution and law of the United States, including the Fourth and Fourteenth Amendments of the United States Constitution within the meaning of 42 U.S.C. §1983.

45.     That as a direct and proximate result of the unconstitutional acts of Defendants herein, the Plaintiff suffered physical injury, mental anguish, humiliation, and emotional distress.

Case 1:23-cv-00419-WMS-MJR   Document 1-4   Filed 05/11/23   Page 14 of 21

## AS AND FOR A FOURTH CAUSE OF ACTION

46.     That the Plaintiff, MR. MARTIN, hereby restates and realleges paragraphs numbered 1-45 with the same force and effect as if they were separately restated, renumbered, and realleged at length herein.

47.     That this action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under Federal law, including Title 42 of the United States Code, §1983.

48.     That each and all of the acts of the Defendants, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5, were done by the Defendants, each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the Defendant, TTPD, and under the authority of their office as police officers for such town.

49.     That Plaintiff, MR. MARTIN, had a constitutional right to due process of law and to be free of punishment prior to adjudication of guilt as guaranteed by the Fourteenth Amendment.

50.     That the acts and conduct described above further deprived Plaintiff of his rights:

      (a)     To be free from false arrest and imprisonment by police officers acting under the color of law;

(b)    To be free from malicious prosecution by police officers acting under the color of law;

(c)    To be free from abuse of process by police officers acting under the color of law;

(d)    To the free exercise of due process without wrongful restraint by police officers acting under the color of law;

(e)    To be free of unreasonable seizure by police officers acting under the color of law;

(f)    To not have excessive force used against him by police officers acting under the color of law; and

(g)    To not have summary punishment imposed upon him by police officers acting under the color of law;

all in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

51.    That the acts, conduct, and behavior of these Defendants were performed knowingly, intentionally, and maliciously.

52.    That as a direct and proximate result of the unconstitutional acts of Defendants herein, the Plaintiff suffered physical injury, humiliation, mental anguish, and emotional distress.

### AS AND FOR A FIFTH CAUSE OF ACTION

53.    That the Plaintiff ERIC C. MARTIN, hereby restates and realleges paragraphs numbered 1-52 with the same force as if they were separately restated, renumbered, and realleged herein.

54.    That Plaintiff was arrested, held in custody, and restrained of his liberty.

Case 1:23-cv-00419-WMS-MJR   Document 1-4   Filed 05/11/23   Page 16 of 21

55.     That this arrest and detention was unlawful, wrongful, malicious.

56.     That by acting in the manner described above, Defendants, JOHN DOE
#6, JOHN DOE #7, and JOHN DOE #8, acted willfully, maliciously, and without right,
reason, or probable cause.

57.     That Defendants, JOHN DOE #6, JOHN DOE #7, and JOHN DOE #8,
while acting within the scope of their employment for Defendant, TTPD, wrongfully
caused Plaintiff to be detained, confined and strip searched at Defendant's police
headquarters, 1835 Sheridan Drive, Tonawanda, New York 14223.

58.     That the imprisonment and strip search of Plaintiff, MR. MARTIN, and
the ensuing restraint of his liberty was wrong, improper, and caused him great
humiliation, in violation of fundamental rights afforded to all Americans under the
United Stated and New York Constitutions, as a result of which he has been damaged.

59.     That prior to the arrest, Plaintiff, ERIC C. MARTIN, had enjoyed a good
reputation in the City of Buffalo, Western New York Community and the State of New
York.

60.     That the charges against Plaintiff were wholly dismissed.

61.     That as a direct and proximate result of the unconstitutional acts of
Defendants, JOHN DOE #6, JOHN DOE #7 and JOHN DOE #8, Plaintiff, ERIC C.
MARTIN, suffered physical injury, mental anguish, humiliation, and emotional distress.

62.     That by reason of the foregoing detention and violative strip search,

Plaintiff's health was impaired; Plaintiff suffered great mental distress, indignity, and

humiliation; and his reputation and character were injured.

## AS AND FOR A SIXTH CAUSE OF ACTION

63.     That Plaintiff, ERIC C. MARTIN, hereby restates and realleges

paragraphs numbered 1-62 with the same force and effect as if they were separately

restated, renumbered, and realleged at length herein.

64.     That on or about July 9, 2020 at approximately 1:30 p.m., that

SPEEDWAY personnel, acting within the scope of their employment, with gross

negligence, recklessness, and wanton disregard, falsely accused MR. MARTIN of

possession of stolen property.

65.     That the agents, servants or employees of said Defendant, SPEEDWAY,

had a duty to and could have easily verified that Plaintiff, MR. MARTIN, had

purchased the ticket the day before but instead, in a wantonly reckless, deceitful,

intentional, and grossly negligent manner contacted the Defendant, TTPD, causing

Plaintiff to be arrested, detained, humiliated, deprived of his rights afforded to him as a

United States citizen, and that said employees, agents or servants of said Defendants did

so while acting within the scope of their employment for Defendant, SPEEDWAY, and

took an active role in the arrest of the Plaintiff, ERIC C. MARTIN, including giving

encouragement, and/or importuning the authorities to act.

66.     That the Defendant, SPEEDWAY, is vicariously and jointly liable for the wrongful acts taken by its employees against its customers.

67.     That the employees, agents or servants of said Defendants, instigated, caused, and/or initiated the arrest of Plaintiff, ERIC C. MARTIN, which resulted in his false imprisonment, arrest, and injury where no crime had been committed.

68.     Further, that the employees, agents or servants of Defendants engaged in racial profiling and wrongfully acted, instigated, caused, and/or initiated the arrest of Plaintiff, ERIC C. MARTIN, which resulted in his false imprisonment and arrest where no crime had been committed.

69.     That as a direct and proximate result of the unconstitutional acts of Defendant, SPEEDWAY, herein, the Plaintiff suffered physical injury, mental anguish, humiliation, and emotional distress.

## AS AND FOR A SEVENTH CAUSE OF ACTION

70.     That the Plaintiff, ERIC C. MARTIN, hereby restates and realleges paragraphs numbered 1-69 with the same force and effect as if they were separately restated, renumbered, and realleged at length herein.

71.     That Defendant, SPEEDWAY, along with its employees, agents, or servants, had a duty to refrain from negligent and wantonly reckless behavior.

72.     That on or about July 9, 2020, prior to and subsequent to, Defendant, SPEEDWAY, failed to use reasonable care and was reckless, negligent, and wantonly

negligent in failing to follow reasonable procedures in confirming whether MR.

MARTIN had a valid New York State lottery ticket which he purchased the day before,

and falsely represented to the Defendant, TTPD, that ERIC C. MARTIN's, winning

lottery ticket was stolen, when it wasn't, all without requisite care and with wanton

disregard concerning its accusations against customer ERIC C. MARTIN.

73.    That said Defendant, SPEEDWAY, their employees, agents or servants

further harmed customer and Plaintiff, MR. MARTIN, by allowing the false statements

of their employees, and false charges against Plaintiff to continue through and including

July 16, 2020, without bothering to confirm whether Plaintiff, ERIC C. MARTIN,

purchased the New York State lottery ticket that SPEEDWAY represented was stolen.

Further, by allowing or causing Plaintiff, ERIC C. MARTIN, to continue to be charged

with possession of stolen property through July 16, 2020, Defendant, SPEEDWAY,

was negligent, reckless, and wantonly disregarded the rights, liberties, and dignity of its

customers, including Plaintiff, MR. MARTIN, and warrants exemplary damages.

74.    That Plaintiff, ERIC C. MARTIN's, injuries were caused in whole or in

part by the carelessness, wanton recklessness, gross negligence, and negligence of the

Defendant, SPEEDWAY.

75.    That on or about July 9, 2020, Defendant, SPEEDWAY's, ownership,

operation, maintenance, management, control, operation of its stores and training with

respect to its New York State Lottery operation and procedures demonstrated a

wantonly reckless and negligent disregard for the health, safety, and rights of its customers, including Plaintiff, ERIC C. MARTIN.

76.     That as a result of the foregoing, the Plaintiff, ERIC C. MARTIN, was caused to be humiliated and sustained serious, painful, and physical bodily injuries and was caused to seek medical care and treatment and will in the future.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

77.     That the Plaintiff, ERIC C. MARTIN, hereby restates and realleges paragraphs numbered 1-76 with the same force and effect as if they were separately restated, renumbered, and realleged at length herein.

78.     That by reason of the Defendant, SPEEDWAY, their employees, agents, or servants' intentional acts, gross negligence, and wantonly reckless behavior to Plaintiff, ERIC C. MARTIN, conscious disregard for rights of others, and to the public as alleged herein and by reason of the Defendants' wanton, malicious, and intentional conduct, the Defendants, SPEEDWAY, are liable for general, exemplary, and/or punitive damages.

79.     That by reason of the above-named Defendants' actions and omissions, the Plaintiff, MR. MARTIN, suffered certain severe, permanent, and painful injuries and certain economic damages, exemplary, and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts pursuant to CPLR §3017.

FILED: ERIE COUNTY CLERK 06/29/2021 01:18 PM
NYSCEF DOC. NO. 1

**WHEREFORE**, the Plaintiff, ERIC C. MARTIN, does hereby demand judgment against the Defendants for each cause of action herein jointly and severally in an amount which would otherwise exceed the jurisdictional limit of all lower courts together with the costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.

DATED:      Buffalo, New York
            June 29, 2021

                              JOHN FEROLETO, ESQ.
                              **FEROLETO LAW**
                              *Attorneys for Plaintiff*
                              438 Main Street, Suite 910
                              Buffalo, New York 14202
                              Telephone: (716) 854-0700