STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

───────────────────────────────

ERIC C. MARTIN,

                Plaintiff,                     **ANSWER**

v.

                                                  Index No. 808523/2021

THE TOWN OF TONAWANDA
POLICE DEPARTMENT
o/b/o THE TOWN OF TONAWANDA,
SPEEDWAY, LLC,
MARATHON PETROLEUM CORPORATION,
and JOHN DOES #1, 2, 3, 4, 5, 6, 7, 8
as employees of Defendant TOWN OF
TONAWANDA POLICE DEPARTMENT,

                Defendants.

───────────────────────────────

        Defendants THE TOWN OF TONAWANDA POLICE DEPARTMENT o/b/o THE TOWN OF TONAWANDA (hereinafter the "Town"), by and through its attorneys, Colucci & Gallaher, P.C., respond as follows, upon information and belief, for its answer to the Plaintiff's Complaint:

        1.      Admits the allegations contained in paragraph 2 of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 26, 28, 29, 34, 36, 41, 42, 43, 59, and 60 of the Complaint.

        3.      Denies the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 27, 30, 31, 32, 35, 37, 38, 39, 44, 45, 48, 50, 51, 52, 54, 55, 56, 57, 58, 61, and 62 of the Complaint.

4. In answering paragraph 23 of the Complaint, Defendant Town admits that a notice of claim was served and that plaintiff testified on December 7, 2020 at a 50-h hearing conducted by Defendant Town of Tonawanda.

5. In answering paragraphs 25, 33, 40, 46, 53, 63, 70, and 77 of the Complaint, Defendant Town repeats and realleges each and every admission or denial of the allegations contained in the preceding paragraphs referred to, with the same force and effect as though fully set forth herein.

6. Paragraphs 47 and 49 of the Complaint alleges statements of law to which no response is required. However, to the extent that a response is required, the Town denies having knowledge or information sufficient to form a belief as to the allegations contained in said paragraphs.

7. Paragraphs 64, 65, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 78, and 79 are directed to defendants Speedway and Marathon and therefore do not require a response from the Town. To the extent the allegations are against the Town, they are denied.

8. Defendant Town denies each and every other allegation set forth in the Complaint that is not specifically addressed above.

**AS AND FOR ITS AFFIRMATIVE DEFENSES, THE TOWN
ALLEGES UPON INFORMATION AND BELIEF:**

9. The plaintiff's alleged causes of action fail to state a proper cause of action against these answering defendants and, therefore, should be dismissed.

10. That in the event there has been a settlement between plaintiff and any subsequent, joint or co-tortfeaser, then the Town will seek to have any claim against it reduced to the fullest extent permitted by law.

11. The acts of others, not under the control of the Town, are the proximate cause of acts alleged by the plaintiff.

12. That upon the trial of this action, it may appear that documentary evidence exists which establishes a complete defense to this action.

13. Upon information and belief, all or part of the cost of the plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources or with reasonable certainty, will be replaced or indemnified in the future from such collateral sources and to that extent, the Town requests that in the event plaintiff recovers any judgment herein, that such amounts as have been or may be recovered in whole or in part from collateral sources be determined by the Court and the amounts plaintiff recovers be reduced by said amounts.

14. Upon the trial of this action it may appear that all or a portion of the plaintiff's claimed injuries and damages were the result of culpable conduct on the part of the plaintiff, and in that event, the plaintiff should be barred from recovery or in the event that the plaintiff is entitled to recovery, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused such damages.

15. Plaintiff has failed to exhaust administrative remedies, and as a result, some of his claims are barred.

16. Plaintiff failed to mitigate his damages.

17. That the complaint fails to state viable claims against the Town, and therefore, should be dismissed as a matter of law.

18. That this matter should not proceed in the absence of person who should be parties to this action.

19. That the Town, through its agents and/or employees, took actions which were privileged as being judicial, quasi-judicial or discretionary determinations made by such agents and/or employees while acting within the scope of their duties as public officials and that defendants, are therefore, immune from any liability for such actions.

20. The Town must be protected by qualified immunity in this action as the alleged actions would have been undertaken in good faith and with the reasonable belief that they were lawful and did not violate a clearly established federal or state right of plaintiff.

21. Punitive damages are improper in this action as they are volatile of various rights and protections afforded by the United States and New York State Constitutions, particularly the due process clauses found therein.

### AS AND FOR ITS CROSS-CLAIM AGAINST SPEEDWAY, LLC AND MARATHON PETROLEUM CORPORATION, THE TOWN ALLEGES UPON INFORMATION AND BELIEF:

22. The Town denies any negligence or violation of rights on its part which was a proximate cause of the injuries alleged in the complaint, but if the Town is found liable to the plaintiff, then such liability will have been brought about by reason of the active and primary actions on the part of codefendants Speedway, LLC and/or Marathon Petroleum Corporation, an employees of which swore out a Supporting Deposition accusing the plaintiff to the possession of stolen property, and if the Town is found liable to any degree in this action to the plaintiff, then the Town will be entitled to indemnification by and judgment over and against codefendants Speedway, LLC and/or Marathon Petroleum Corporation, or

for such proportionate share as represents the full amount, degree or kind of negligence attributable to them, pursuant to Article 14 of the Civil Practice Law and Rules.

WHEREFORE, Defendant the Town of Tonawanda demands judgment dismissing the plaintiff's complaint, and, in the event that plaintiff is entitled to recover, the amount of damages recoverable should be diminished in the proportion which the culpable conduct attributable to the plaintiff or codefendants, bears to the culpable conduct which caused the damages, together with the costs and disbursements of this action.

DATE:	August 2, 2021	COLUCCI & GALLAHER, P.C.
	Buffalo, New York

_____
Paul G. Joyce
Marc S. Smith
2000 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 853-4080
pjoyce@colucci-gallaher.com
*Attorneys for Defendant The Town of Tonawanda Police Department o/b/o The Town Of Tonawanda*

TO:	John Feroleto, Esq.
	Feroleto Law
	*Attorneys for Plaintiff*
	438 Main Street, Suite 910
	Buffalo, New York 14201
	(716) 854-0700

	Brittany L. Hannah, Esq.
	**SUGARMAN LAW FIRM, LLP**
	*Attorneys for Speedway LLC and Marathon Petroleum Corporation*
	Office and Post Office Address
	211 West Jefferson Street
	Syracuse, New York 13202
	Telephone: 315-362-8942
	bhannah@sugarmanlaw.com

5