STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

---

ERIC C. MARTIN,

               Plaintiff,

v.

THE TOWN OF TONAWANDA
POLICE DEPARTMENT
o/b/o THE TOWN OF TONAWANDA,
SPEEDWAY, LLC,
MARATHON PETROLEUM CORPORATION,
and JOHN DOES #1, 2, 3, 4, 5, 6, 7, 8
as employees of Defendant TOWN OF
TONAWANDA POLICE DEPARTMENT,

               Defendants.

**MEMORADUM OF LAW**

Index No. 808523/2021

---

      The Town of Tonawanda, through its counsel Colucci & Gallaher, P.C., hereby submits this memorandum of law in opposition to the motion to compel filed by Plaintiff Eric Martin.

      Mr. Martin's motion ignores the copious amount of records that the Town of Tonawanda has produced in this matter, including the arrest record, policies & procedures, bodycam footage, audio recordings, as well as substantiated disciplinary matters against two officers that were involved in the arrest. It is noteworthy that the Plaintiff is seeking the personnel files and disciplinary records of Brian Ienco, Mark Muscoreil and Brian Valient, yet has failed to name any of these individuals (or any other specific employee of the Town of Tonawanda Police Department) in the complaint. There is no reason for the delay; Plaintiff has had the individual officers' names for over a year and certain state causes of action against the unnamed individuals may be barred due to the applicable statute of

limitations, i.e. Civil Practice Law & Rules §215's one year statute of limitations on a claim for false imprisonment or malicious prosecution.

1. Tonawanda has Produced Voluminous Documents and Information, Including Disciplinary Records.

The Plaintiff argues that the Town has only provided "boilerplate" objections that should be disregarded. This argument ignores the plain language of the responses. For example, in response to Demand No. 13 seeking personnel files, the Town objected that the request constitutes "an unwarranted invasion of personal privacy under Public Officers Law §87(2)(b)" and produced those disciplinary records where the accusation had been substantiated. See NYSCEF Doc. No. 17. This objection is consistent with Public Officers Law §87(2)(g), which allows a municipality to withhold "inter-agency or intra-agency materials which are not: iii. final agency policy or determinations." As such, an open internal disciplinary claim is not responsive until there is a final determination.

Plaintiff also argues that the personal privacy rights of the individual police officers – none of whom are defendants in the case – are superseded by the public's desire to know personal information about those officers. As set forth above, the Town has already produced disciplinary records that were substantiated, i.e. where there was a complete and final determination made on the alleged violation. See, e.g., NYSCEF Doc. No. 17, where Officer Valint was disciplined in 2016 for not securing a Taser properly and Officer Muscoreil was disciplined in 2013 for failing to operate his police vehicle properly. Each of these situations are substantiated and the records have been produced.

Plaintiff, however, is looking for ALL disciplinary records, substantiated or unsubstantiated, claiming that the personal privacy of a non-party police officer is secondary. The Supreme Court in Oneida County recently recognized that "the disclosure of records

2

related to unsubstantiated claims would constitute an unwarranted invasion of personal privacy." *Gannett Co., Inc. v. Herkimer Police Dep't*, 2022 N.Y. Misc. LEXIS 1694, *8-10 (Oneida County, April 28, 2022); see also *Brighton Police Patrolman Ass'n v. Brighton Police Chief David Cathodi*, 2021 N.Y. Misc. Lexis 2697, *4-5 (Monroe County 2021). The Court in Gannett addresses the arguments raised by Plaintiff regarding Public Officers Law 86(6) directing the disclosure of records concerning unsubstantiated claims, stating that "POL 86(6) mentions nothing about disclosure; it merely defines the phrase "law enforcement disciplinary records," which phrase is then employed in Public Officers Law 87(4-a), 87(4-b), 89(2-b), and 89(2-c), and nowhere else. And very significantly, these sections of law do nothing more than allow for — and in some instances, mandate redactions relative to "law enforcement disciplinary records," which, in this Court's view, go above and beyond — but, importantly, do not change or weaken the various exemptions provided for by Public Officers Law 87(2), which apply to law enforcement officers the same as they do to public servants generally." *Gannett Co., id.*

The Supreme Court in Onondaga addressed a similar argument in *Matter of N.Y. Civil Liberties Union v. City of Syracuse*, 72 Misc.3d 458, 464 (Onondaga County 2021), where the court held that "Public O. §87(2)(b) exempts from disclosure any record or part of a record which 'if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article," citing Public O. §87(2)(b). The Court in Syracuse recognized that the "disclosure of unsubstantiated complaints have been considered exempt as an invasion of personal privacy," citing *LaRocca v. Board of Educ.*, 220 AD2d 424, 427 (2d Dept. 1995).

3

The Courts in Gannett and City of Syracuse also rely on the multiple advisory opinions issued by the Committee on Open Government. *Gannett* recognizes that the Committee takes the position that "when allegations or charges of misconduct have not yet been determined or did not result in disciplinary action, the records relating to such allegations may be withheld" on the ground that "disclosure would result in an unwarranted invasion of personal privacy," citing Committee on Open Government Advisory Opinion 19775 citing Advisory Opinion 17195; and also Advisory Opinion 19785. *Gannett Co., id.* The Court in *City of Syracuse* notes that the Committee on Open Government specifically states "there is nothing in the statute to suggest that the legislature intended that any of the records of law enforcement agency employees be more available than the records of other government employees," going on to address the decision in *Buffalo Police Benevolent Assn., Inc. v. Brown*, 69 Misc 3d 998, 1004-1005 (Erie Cty. 2020), where that court stated that it was "not mandating or otherwise authorizing the public release of any particular records. That decision will presumably be made by the Respondents in accordance with the provisions and exemptions set forth in the Public Officers Law, including § 87(2)(b)." *Id.*

The court in *City of Syracuse* made the analogy to attorney and judicial grievances, acknowledging that "there is no greater public interest in fairness and justice than our own courts and legal system which should also be weighted similarly among police officers' and other public employees' right to privacy including those other exemptions to disclosure under the Public Officers Law." *City of Syracuse*, 72 Misc.3d at 466-467. As the police officers have a privacy right in unsubstantiated and non-final, internal disciplinary proceedings, the motion to compel should be denied.

4

    2. **REQUIRING DISCLOSURE OF UNSUBSTANTIATED DISCIPLINARY RECORDS WOULD VIOLATE THE OFFICERS PROPERTY RIGHTS.**

The Collective Bargaining Agreement between the Town of Tonawanda and the Town of Tonawanda Police Club states that "No record or reference to a complaint, either departmental or external, lodged against a Police Officer shall be entered into the officer's personnel record if, after investigation, such complaint is decided by the Town to be unfounded." Courts have recognized that a CBA is a property right, and as such "[T]he legislature is not free to impair vested or property rights. The vested rights doctrine recognizes that a judgment after it becomes final, may not be affected by subsequent legislation. [U]nder this doctrine, a judgment becomes an inviolable property right, which thereafter may not constitutionally be abridged by subsequent legislation." *Brighton Police Patrolman Ass'n*, *id*. quoting *Hodes v. Axelrod*, 70 NY2d 364 (1987).

Here, the non-party officers have a property right in *not* having unsubstantiated disciplinary matters being disclosed. This right is consistent with the protections found in Public Officers Law §87(2)(g) that prevent the disclosure of non-final matters.

    3. **NONE OF THE INDIVIDUAL OFFICERS ARE DEFENDANTS.**

Plaintiff complains that the Town's objections were overbroad and "boilerplate," yet in actuality Plaintiff amends his demands to correct this fundamental error. For example, Plaintiff now seeks training records from six specific individuals (Ienco, Laugeman, Valint, Heft, Scranton and Muscoreil) in the motion to compel, yet the corresponding demand & response state:

> <u>Demand 11</u>. Documents referring or relating to and including training materials written materials, slideshows, videos, or other media discussing the use of force or use of violence as to the arrest of individuals, when appropriate, how to decelerate encounters, and how to investigate crimes and misdemeanors used to train TTP personnel JOHN DOEs 1 – 5.

5

Response to Demand 11:  The Town objects to this demand as vague, as the training documents for unknown individuals cannot be determined.

Plaintiff cannot claim that it was ignorant of these individual names when it served its demands; as set forth in the supporting affidavit, the Plaintiff was in possession of the Police Report for Complaint 20-225084 that identifies *each* of the above officers.  Even so, Plaintiff has not named these individuals as defendants in the litigation.  Furthermore, certain of the claims (i.e. the First and Second Cause of Action) are against the *John Doe* individuals *and* assert state law claims for false imprisonment.  As the arrest occurred in July of 2020, those causes of action may be barred by the applicable statute of limitations.  If those claims are barred against the specific officers, there is no relevance to the requests for the individual officers' personnel and training files.

As for the constitutional claims, it is well settled that a municipality "cannot be held liable pursuant to 42 USC § 1983 based solely upon the doctrine of *respondeat superior* or vicarious liability." *Harris v. City of N.Y.*, 153 AD3d 1333, 1336 (2d Dept. 2017), quoting *Lopez v Shaughnessy*, 260 AD2d 551, 552 (2d Dept. 1999) (additional citations omitted).  As such, the Town can be held liable under 42 USC § 1983 "only for violating that statute through an unconstitutional official policy or custom." *Higgins v. City of N.Y.*, 144 AD 511, 513 (1st Dept. 2016).  Because Plaintiff has failed to name any specific officers as defendants and the Town has produced its policies, the personnel and training records of the non-party officers are irrelevant to the claims set forth in the complaint.

CONCLUSION

For the foregoing reasons, the Town of Tonawanda respectfully requests that the Court deny the motion to compel.

6

DATE:    June 2, 2022  
            Buffalo, New York

COLUCCI & GALLAHER, P.C.

_____

Paul G. Joyce  
Marc S. Smith  
2000 Liberty Building  
424 Main Street  
Buffalo, New York 14202  
(716) 853-4080  
pjoyce@colucci-gallaher.com  
*Attorneys for Defendant The Town of*  
*Tonawanda Police Department o/b/o*  
*The Town Of Tonawanda*

TO:    John Feroleto, Esq.  
       **FEROLETO LAW**  
       *Attorneys for Plaintiff*  
       438 Main Street, Suite 910  
       Buffalo, New York 14201  
       (716) 854-0700

       Brittany L. Hannah, Esq.  
       **SUGARMAN LAW FIRM, LLP**  
       *Attorneys for Speedway LLC and*  
       *Marathon Petroleum Corporation*  
       Office and Post Office Address  
       211 West Jefferson Street  
       Syracuse, New York 13202  
       Telephone: 315-362-8942  
       bhannah@sugarmanlaw.com

STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

_____

ERIC C. MARTIN,

                    Plaintiff,                                    **AFFIRMATION**

v.

                                                                 Index No. 808523/2021

THE TOWN OF TONAWANDA
POLICE DEPARTMENT
o/b/o THE TOWN OF TONAWANDA,
SPEEDWAY, LLC,
MARATHON PETROLEUM CORPORATION,
and JOHN DOES #1, 2, 3, 4, 5, 6, 7, 8
as employees of Defendant TOWN OF
TONAWANDA POLICE DEPARTMENT,

                    Defendants.

_____

        Paul G. Joyce, under penalties of perjury, deposes and says:

        1.      I am an attorney licensed to practice in the State of New York and am a member of Colucci & Gallaher, P.C., attorneys for defendant The Town of Tonawanda Police Department o/b/o The Town of Tonawanda (the "Town"), in the above-captioned action.  In this capacity, I am familiar with the facts and circumstances underlying this litigation, as well as the relief sought in the pending motion.

        2.      This Affidavit and the exhibits attached hereto are submitted in opposition of the plaintiff's Motion to Compel discovery responses.

        3.      The Collective Bargaining Agreement between the Town of Tonawanda and the Town of Tonawanda Police Club states, in part, that "No record or reference to a complaint, either departmental or external, lodged against a Police Officer shall be entered

into the officer's personnel record if, after investigation, such complaint is decided by the Town to be unfounded."

4.      There has not been a final decision on any disciplinary matter involving Mr. Martin's arrest.

5.      For the Court's convenience, a copy of *Gannett Co., Inc. v. Herkimer Police Dep't*, 2022 N.Y. Misc. LEXIS 1694 (Oneida County, April 28, 2022) is attached as Exhibit A; *Brighton Police Patrolman Ass'n v. Brighton Police Chief David Cathodi*, 2021 N.Y. Misc. Lexis 2697 (Monroe County 2021) is attached as Exhibit B; and *Matter of N.Y. Civil Liberties Union v. City of Syracuse*, 72 Misc.3d 458 (Onondaga County 2021) is attached as Exhibit C.

6.      The Town's discovery responses the document demands, omnibus demands and demand for verified Bill of Particulars have been previously submitted to the Court.

7.      For the reasons set forth in the accompanying memorandum of law, the Town of Tonawanda requests that the Court deny the motion to compel, as the materials being sought in the motion have already been produced, are protected private information of non-parties, or are not relevant to the claims made in the complaint due to the failure of the Plaintiff to name any specific employees of the Town as defendants.

DATE:      June 2, 2022
           Buffalo, New York

                                    _____
                                    Paul G. Joyce

# EXHIBIT A

# *Gannett Co., Inc. v. Herkimer Police Dept.*

Supreme Court of New York, Oneida County

April 28, 2022, Decided

Index No. EF2021-108916

**Reporter**

2022 N.Y. Misc. LEXIS 1694 *; 2022 NY Slip Op 22133 **; 2022 WL 1281365

[**1] Gannett Co., Inc. d/b/a DEMOCRAT & CHRONICLE, Petitioner, against Herkimer Police Department, MICHAEL J. JORY, in his official capacity as Chief of the Herkimer Police Department, VILLAGE OF HERKIMER, and COLLEEN D. GROSS, in her official capacity as Village Clerk Treasurer, Respondent.

**Notice:** THE PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.
 THIS OPINION IS UNCORRECTED AND SUBJECT TO REVISION BEFORE PUBLICATION IN THE PRINTED OFFICIAL REPORTS.

**Counsel:** [*1] For Petitioner: Michael J. Grygiel, Esq., Greenberg Traurig, LLP, Albany, New York.

For Respondents: Martha L. Berry, Esq., Longstreet & Berry, LLP, Fayetteville, New York.

**Judges:** Bernadette T. Clark, J.

**Opinion by:** Bernadette T. Clark

## Opinion

Bernadette T. Clark, J.

*Procedural History*

Before the Court is a petition seeking relief pursuant to *Article 78* in the form of an order compelling the Herkimer Police Department to disclose within (20) days all records responsive to the petitioner's FOIL request, including, in particular, any records related to unsubstantiated claims and records created prior to June 12, 2020, that being the date on which *Civil Rights Law [**2] 50-a* was repealed.[1] Also before the Court is a motion to dismiss the aforementioned petition pursuant to *Civil Practice Law and Rules 7804(f)* based upon certain objections in point of law and pursuant to Civil Practice Law and *Rules 409(b)* due to the alleged absence of any factual issues requiring a trial.

The Court has examined the petitioner's submissions in this matter including its notice of petition, the petition itself, a memorandum of law, the numerous exhibits appended to the petition, namely, various items of correspondence between the parties regarding the FOIL request at issue, and, finally, a memorandum [*2] of law submitted by the petitioner in opposition to the respondents' motion to dismiss. Likewise, this Court has examined the papers submitted by the respondents. These include a verified answer to the petition, a notice of motion, an affidavit by the Herkimer Police Department's Chief of Police, a memorandum of law, and an affirmation by Attorney Berry, which was accompanied by several

---

[1] The petition also sought an order granting costs and attorney fees, but the request for this specific relief was withdrawn by counsel for the petitioner during the course of oral argument in this matter.

Gannett Co., Inc. v. Herkimer Police Dept.

exhibits, including (A) Chapter 96 of the Session Laws of 2020 reflecting a repeal of *Civil Rights Law 50-a* and various amendments to *Public Officers Law 86*, *87*, and *89*; (B) a purportedly relevant Decision and Order issued by Monroe County Supreme Court; (C) Advisory Opinion 19775 issued by the Committee on Open Government; and (D) Advisory Opinion 19785 issued by that same Committee. The Court also reviewed the respondents' Memorandum in Reply to the petitioner's opposition to the motion to dismiss. Finally, this court entertained a lengthy oral argument in this matter and duly considered the points raised by counsel during the course of this argument.

By way of background, the petitioner in this matter submitted to the Herkimer Police Department a FOIL request on June 17, 2020, which sought the production of:

> (a)ll materials [*3] and records describing and sufficient to show and disclose all allegations of misconduct made and all disciplinary proceedings taken against any officer, employee, or representative of the Herkimer Police Department. . . created from January 1, 1970, through June 15, 2020.

*Factual Background*

After some degree of back-and-forth between the parties, the Herkimer Police Department, which consists of (20) members, provided the petitioner with all records responsive to the petitioner's request, with the notable exception of any records related to unsubstantiated claims and any records created prior to the date that *Civil Rights Law 50-a* was repealed, which, as indicated, was June 12, 2020. The petitioner subsequently appealed to the Village of Herkimer's FOIL appeals officer with regard to the Police Department's decision to withhold these latter two categories of records but to no avail, as evidenced by the letter of Michael Longstreet, dated September 22, 2021, which was sent on behalf of the Village of Herkimer's FOIL

appeals officer and indicated to the petitioner that its "appeal was denied on the authority of New York Civil Liberties Union v. City of Syracuse." Now, the petitioner seeks redress through this [*4] Court.

*Analysis*

Before delving into the specific issues and arguments in this case, this Court [**3] acknowledges at the outset that "FOIL is based on a presumption of access in accordance with the underlying 'premise that the public is vested with an inherent right to know and that official secrecy is anathema to our form of government' ." For this reason, FOIL generally "requires government agencies to 'make available for public inspection and copying all records' ," but this requirement is, very importantly, "subject to a number of exemptions." *Madeiros v. New York State Educ. Dep't, 30 NY3d 67, 64 N.Y.S.3d 635, 86 N.E.3d 527 (2017)*; citing *Matter ofHarbatkin v. New York City Dept. of Records & Info. Servs., 19 NY3d 373, 971 N.E.2d 350, 948 N.Y.S.2d 220 (2012)*; *Matter ofFink v. Leftowitz, 47 NY2d 567, 393 N.E.2d 463, 419 N.Y.S.2d 467 (1979)*; and *Public Officers Law 87(2).*

At issue in this particular case is whether the repeal of *Civil Rights Law 50-a* and the present state of the Public Officers Law require the disclosure of all police disciplinary records, even if they relate to unsubstantiated claims of misconduct, and also whether the repeal of *Civil Rights Law 50-a* should be given retroactive effect such that records predating June 12, 2020, are subject to disclosure. For the sake of organized analysis, each of these issues will be addressed in turn.

First, though, the Court feels compelled to address two threshold arguments raised by the petitioner. The first of these arguments is that the respondents' motion [*5] to dismiss is not properly before the Court inasmuch as the respondents simultaneously filed an answer. In support of this assertion, the

Gannett Co., Inc. v. Herkimer Police Dept.

petitioner cites to a mere footnote at the end of a decision rendered by the Schenectady County Supreme Court in Matter of Lewis v. Dagosiino, which is obviously not controlling on this Court. *Matter of Lewis v. Dagostino, 2020 NY Misc. LEXIS 9452 (Schenectady County Sup. Ct., 2020).* In the footnote to that decision, the Court, which was presented with both a motion to dismiss and an answer, observed that Civil Practice Law and *Rules 7804(f)* expressly allows for a respondent to "raise an objection in point of law by setting it forth in his answer OR by a motion to dismiss" and seemed to suggest that, by virtue of this disjunctive language, those two options are mutually exclusive. Be that as it may, and very importantly, the petitioner in our case curiously fails to mention that, notwithstanding its musings on the issue, the Schenectady County Supreme Court nevertheless elected to consider the motion to dismiss filed in the matter before it, and this Court will do likewise. The second threshold argument raised by the petitioner is that the respondents failed to invoke a specific FOIL exemption as the basis for their decision to withhold certain records, [*6] and, as a result, have waived their right to invoke any such exemptions now. This Court disagrees. The initial response to the FOIL request at issue in this case and the response issued on behalf of the FOIL Appeals Officer expressly referenced items of case law, which very specifically addressed the personal privacy exemption provided for by *Public Officers Law 87(2)(b)* and the impropriety of applying the repeal of *Civil Rights Law 50-a* retroactively. Thus, it was made sufficiently clear to the petitioner the reasons why certain records were being withheld.

Having addressed these threshold arguments, the Court now turns to the issue of whether records related to unsubstantiated claims ought to have been released pursuant to the petitioner's FOIL request. In support of its position on this issue, the petitioner relies, in large part, on two items of case law that are not controlling, as well as the legislative history underlying the repeal of *Civil Rights Law 50-a*, and, moreover, asserted in its papers and at oral argument that a newly added

provision of the Public Officers Law — that is, *86(6)* — mandates the disclosure of law enforcement disciplinary records, whether or not those records pertain to unsubstantiated claims. Specifically, counsel for the [*7] petitioner stated that "it could hardly be more clear" and that "if you look at the new definition of law enforcement disciplinary records that is contained in FOIL, [**4] *Public Officers Law Section 86, Subparagraph 6,* it broadly defines the records that are subject to disclosure." Counsel for the petitioner further argued that it was clear from the language of the amendments that "unsubstantiated, unfounded complaints are now subject to disclosure." The cases cited by the petitioner are *Uniformed Fire Officers Ass'n v. Blasio, 846 F. App'x 25 (2nd Cir., 2021)* and *Schenectady Police Benevolent Assn. v. City of Schenectady, 2020 NY Misc. LEXIS 10947 (Schenectady County Sup. Ct., 2020).* This Court remains unconvinced by these cases and respectfully declines to follow the reasoning advanced by them. Additionally, this Court is particularly unsettled by that portion of the decision rendered in Schenectady Police Benevolent Assn. v. City of Schenectady, wherein the Court seems to suggest that the veracity of an allegation is an utterly immaterial consideration in determining whether the disclosure of records related to that allegation is appropriate. As for the legislative history behind the repeal of *Civil Rights Law 50-a* and the intent of the legislature that might be gleaned from that history, this Court adopts the reasoning espoused in New York C.L. Union v. City of Syracuse, which is one of the cases cited by the respondents. [*8] *New York C. L. Union v. City of Syracuse, 72 Misc 3d 458, 148 N.Y.S.3d 866 (Onondaga County Sup. Ct., 2021).* In particular, this Court concurs that the "' sovereign will is made known to us by legislative enactment' (a)nd (that) it is made known in no other way." In this same vein, it is worth noting that "whenever a law is adopted, all that is really agreed upon is the words." Id. citing *Wheeler v. Smith, 50 U.S. 55, 13 L. Ed. 44 (1850)* and Scalia & Garner, Reading Law: The Interpretation of Legal Texts 68 at p. 397. For this reason, and because "legislative intent is not

Gannett Co., Inc. v. Herkimer Police Dept.

something easily divined," this Court must "base its determination...on the law as enacted." *New York C.L. Union supra.* The petitioner argues strenuously that the legislative history as to the repeal of *Civil Rights Law 50-a* supports the notion that unsubstantiated claims of misconduct must be disclosed and that the remedial nature of the repeals requires that it be applied retroactively. Interestingly, though, the sponsor's memorandum filed in support of this legislation, which was cited extensively by the petitioner, makes no reference to unsubstantiated claims or retroactivity but, instead, states:

> The general rules and statutory exceptions of FOIL — for example in instances that disclosure would constitute an unwarranted invasion of privacy — are sufficient in protecting police from unfair cross examination by [*9] criminal defense lawyers.

In this Court's view, this statement supports the holding in New York Civil Liberties Union v. City of Syracuse, as well as the pertinent Advisory Opinions on the subject, that the disclosure of records related to unsubstantiated claims would constitute an unwarranted invasion of personal privacy. Finally, as to the petitioner's position that *Public Officers Law 86(6)* somehow directs the disclosure of records concerning unsubstantiated claims, this Court notes that *POL 86(6)* mentions nothing about disclosure; it merely defines the phrase "law enforcement disciplinary records," which phrase is then employed in *Public Officers Law 87(4-a)*, *87(4-b)*, *89(2-b)*, and *89(2-c)*, and nowhere else. And very significantly, these sections of law do nothing more than allow for — and in some instances, mandate redactions relative to "law enforcement disciplinary records," which, in this Court's view, go above and beyond — but, importantly, do not change or weaken the various exemptions provided for by *Public Officers Law 87(2)*, which apply to law enforcement officers the same as they do to public servants generally.[2]

The respondents, for their part, acknowledge that the "repeal of *Civil Rights Law 50-a* removed [*10] the extra layer of protection (previously afforded to) police employment records," but they also correctly highlight that the protection afforded by *Public Officers Law 87(2)(b)*, which is applicable to public servants generally, was not in any way altered or diminished by that repeal. That provision of the Public Officers Law expressly exempts from disclosure any records, which, if released, would result in "an unwarranted invasion of personal privacy." Moreover, this court is aware of at least two appellate cases, one of which was cited by the respondents, that stand for the proposition that an unwarranted invasion of personal privacy would be wrought by the disclosure of records related to unsubstantiated claims. See *W. Suffolk Bd. of Co-op. Educ. Servs. v. Bay Shore Union Free Sch. Dist., 250 AD2d 772, 672 N.Y.S.2d 776 (2nd Dept., 1998)*, dealing with "unproven disciplinary charges," and *LaRocca v. Bd. of Educ. of Jericho Union Free Sch. Dist., 220 AD2d 424, 632 N.Y.S.2d 576 (2nd Dept., 1995)*, dealing with "charges (that) were denied and/or not admitted." To be sure, these cases were decided by the Appellate Division, Second Department, but the petitioner has not cited any decisional authority from the Appellate Division, Fourth Department, to suggest that this Court is not bound by these decisions or, at least, free to follow them. Additionally, this Court is persuaded by the multiple advisory opinions issued by the Committee on [*11] Open Government, which take the position that, "when allegations or charges of misconduct have not yet been determined or did not result in disciplinary action, the records relating to such allegations may be withheld" on the ground that "disclosure would result in an unwarranted invasion of personal privacy." See Committee on Open Government Advisory Opinion 19775 citing Advisory Opinion

---

Advisory Opinion 19775, wherein the committee expressly considered the specific language of *Public Officers Law 86(6)* and whether it mandated the disclosure of records related to unsubstantiated claims, notwithstanding the protection afforded by *Public Officers Law 87 (2) (b)*.

---

[2] This view is supported by the Committee on Open Government's

Paul Joyce

17195; and also Advisory Opinion 19785. And while this Court is mindful that opinions from the Committee on Open Government are not binding authority, it is also true that, "(s)ince the Committee is the state agency charged with administering the Freedom of Information Law, its interpretation of the statute, if not irrational or unreasonable, should be upheld." *Miracle Mile Assocs. v. Yudelson, 68 AD2d 176, 417 N.Y.S.2d 142 (4th Dept., 1979)*, citing *Matter of Sheehan v. City of Binghamton, 59 AD2d 808, 398 N.Y.S.2d 905 (3rd Dept., 1977)*; see also *TJS ofNew York, Inc. v. New York State Dep't of Tax'n & Fin., 89 AD3d 239, 932 N.Y.S.2d 243 (3rd Dept., 2011)*. Most importantly, as the Court aptly pointed out in New York C.L. Union v. Cily of Syracuse, "the public interest in the release of unsubstantiated claims does not outweigh the privacy concerns of individual officers." For these reasons, this Court finds that *Public Officers Law 87(2)(b)* may indeed be invoked to withhold records related to unsubstantiated claims of misconduct.

Next, this Court turns to the issue of whether the repeal of *Civil Rights Law *50-a* ought to be [*12] given retroactive effect, thereby requiring the disclosure of records that pre-date the repeal. On this issue, it bears mentioning at the outset that *Civil Rights Law 50-a* was repealed and not replaced and that the legislature declined to require that the repeal was to be applied retroactively. The petitioner concedes this point and, furthermore, acknowledges that "retroactive operation is not favored by the Courts." Despite this, the Petitioner argues that the repeal of *Civil Rights Law 50-a* should be applied retroactively on the purported ground that the repeal was remedial in nature and, in support of its argument in this regard, claims that "courts throughout New York State have repeatedly confirmed" as much. The reality, though, is that the [**5] petitioner cites to only two cases that, once again, are not controlling and that this Court finds unpersuasive on the issue of retroactivity. These cases are Matter of Puig v. City of Middletown and Schenectady Police Benevolent Assn. v. City of Schenectady, the latter of which was also cited by

the petitioner relative to its argument concerning the disclosure of records concerning unsubstantiated claims. *Matter of Puig v. City of Middletown, 71 Misc 3d 1098, 147 N.Y.S.3d 348 (Orange County Sup. Ct., 2021)* and *Schenectady Police Benevolent Assn. v. City of Schenectady, 2020 NY Misc. LEXIS 10947 (Schenectady County sup. ct., 2020)*. The petitioner neglected to mention People v. Francis — a subsequently [*13] decided case, which took specific exception to the decision in Puig and which this Court finds very well-reasoned and extremely compelling. *People v. Francis, 74 Misc 3d 808 (Monroe County Sup. Ct., 2022)*.

Like the Court in Francis, this Court is mindful that a statute should not be construed to apply retroactively unless the language of the statute expressly or by necessary implication requires it. *Majewski v. Broadalbin-Perth Cent. Sch. Dist., 91 NY2d 577, 696 N.E.2d 978, 673 N.Y.S.2d 966 (Ct. of Appeals, 1998)*. This is a "fundamental canon of statutory construction," and, while retroactive application of remedial legislation might be appropriate, as claimed by the petitioner, the Court in Majewski was careful to stress that "classifying a statute as 'remedial' does not automatically overcome the strong presumption of prospectivity... " Id. The petitioner, in its effort to overcome this presumption, invokes the legislative history behind the repeal of *Civil Rights Law 50-a* to suggest that the repeal was remedial and should be given retroactive effect, but, very importantly, as the Court in Francis alluded, and as far as this Court can tell, the legislative history underlying the repeal makes no specific mention whatsoever of retroactivity. Moreover, in weighing the issue of retroactivity, the Court in Francis astutely looked to General Construction Law 93 and the case law interpreting [*14] that provision of law, which provides in pertinent part that the "repeal of a statute... shall not effect or impair any... right... accrued or acquired.. .prior to the time such repeal takes effect... but the same may be enjoyed.. .as fully and to the same extent as if such repeal had not been effected." That section of law, according

FILED: ERIE COUNTY CLERK 06/02/2022 04:28 PM
NYSCEF DOC. NO. 27

INDEX NO. 808523/2021

RECEIVED NYSCEF: 06/02/2022

Case 1:23-cv-00419-WMS-MJR   Document 1-16   Filed 05/11/23   Page 16 of 29

Page 6 of 6

Gannett Co., Inc. v. Herkimer Police Dept.

to the Court of Appeals in People v. Roper, provides a "principle of construction to be applied in determining the scope of legislation which expressly or impliedly repeals earlier statutes... (and) in the absence of evidence of contrary intent such legislation is not to be given retroactive effect." *People v. Roper, 259 NY 635, 182 N.E. 213 (Ct. of Appeals, 1932)*. Very importantly, the Court of Appeals in Roper also noted that General Construction Law 93 applies with "special force to statutes which otherwise would... deprive persons of substantial rights," and, as the Court in Francis pointed out, former *Civil Rights Law 50-a* undoubtedly conferred upon police officers substantial rights and protections. Id. and *New York C.L. Union v. New York City Police Dep't, 32 NY3d 556, 94 N.Y.S.3d 185, 118 N.E.3d 847 (2018)*. Finally, this court is particularly moved by the equitable argument against retroactivity that was raised by the Court in Francis. In sum, the equitable argument is that, from the date on which *Civil Rights Law 50-a* was enacted until the date of [*15] its repeal, police officers relied upon the protections afforded by that statute in making decisions with regard to disciplinary actions and that it would be patently unfair to now reach back and lay bare the records that those officers justifiably believed would remain shielded from public disclosure. Accordingly, this Court unequivocally concludes that the repeal of *Civil Rights Law 50-a* must not be given retroactive effect.

Now, therefore, upon reading and filing the papers and after the oral argument held on April 27, 2022, with respect to the Petition and Motion, and due deliberation having been had thereon, it is hereby, in accordance with the above,

ORDERED, that the motion to dismiss brought by the respondents is GRANTED; and it is further

ORDERED, that the Petition is DENIED in its entirety.

This shall constitute the Decision and Order. The original Decision and Order is returned to the

attorney for the Plaintiff. All other papers are being delivered by the Court to the County Clerk for filing. The signing of this Decision and Order does not constitute entry or filing under Civil Practice Law and *Rules *2220*. Counsel is not relieved from the applicable provisions of that rule respecting filing, entry [*16] and notice of entry.

April 28, 2022

Utica, New York

_____

**End of Document**

# EXHIBIT B

# *Brighton Police Patrolman Ass'n v. Brighton Police Chief David Catholdi*

Supreme Court of New York, Monroe County

April 16, 2021, Decided; April 16, 2021, Filed

Index No. I2020002814

**Reporter**

2021 N.Y. Misc. LEXIS 2697 *; 2021 NY Slip Op 32978(U)

BRIGHTON POLICE PATROLMAN ASSOCIATION, INVESTIGATOR STEPHEN HUNT TOWN OF BRIGHTON POLICE OFFICER, Petitioners, vs. BRIGHTON POLICE CHIEF DAVID CATHOLDI, BRIGHTON TOWN SUPERVISOR WILLIAM MOEHLE, THE TOWN OF BRIGHTON, BRIGHTON TOWN CLERK DANIEL AMAN, BRIGHTON POLICE DEPARTMENT RECORDS DEPARTMENT, Respondents.

## Core Terms

repeal, retroactively, disciplinary record, settlement agreement, accrued right, further order, confidential, personnel, releasing, accruing, records, rights, subsequent legislation, lawful court order, retroactive effect, clear language, police officer, property right, undisputably, settlements, disclosure, unfounded, mandated, becomes, deprive, details, impair, vested

**Judges:** [*1] Hon. Ann Marie Taddeo, J.S.C.

**Opinion by:** Ann Marie Taddeo

## Opinion

DECISION AND ORDER

Hon. Ann Marie Taddeo, J.S.C.

Petitioner having commenced this proceeding by filing a Notice of Petition and Verified Petition, dated January 20, 2021, seeking an Order and Judgment pursuant to *CPLR § 7806* prohibiting

Respondents from releasing police disciplinary records prior to the repeal of *Civil Rights Law §50-a*, in addition to other requested relief;

And the Court having read and considered the Notice of Petition and Verified Petition of the Petitioner, Brighton Police Association, et al, dated January 20, 2021, with exhibits thereto, and the Verified Answer of Respondents, Brighton Police Chief, David Catholdi, et al, dated February 12, 2021; and the parties having appeared before the Court for Oral; Argument on April 12, 2021; the Court renders the following Decision:

Petitioner Brighton Police Patrolman Association ("Union") is a labor union incorporated and existing under the laws of the State of New York, which represents many Brighton Police Officers. Petitioner Stephen Hunt (Hunt) is an Investigator with the Town of Brighton Police Department and a member of the Brighton Police Patrolman Association.

Prior to June 12, 2020, *New York Civil Rights Law (CRL) §50-a* provided, in relevant [*2] part, that

> [a]ll personnel records...under the control of any police agency...shall he considered confidential and not subject to inspection or review without the express written consent of such police officer... except as may be mandated by lawful court order.

On June 12, 2020, *§ 50-a* was repealed and replaced with amendments to *Public Officers Law (POL) sections 86*, *87* and *89*, which held that the above disciplinary records are now subject to

FILED: ERIE COUNTY CLERK 06/02/2022 04:28 PM INDEX NO. 808523/2021
NYSCEF DOC. NO. 28    Case 1:23-cv-00419-WMS-MJR  Document 1-16  Filed 05/11/23  Page 19 of 29    RECEIVED NYSCEF: 06/02/2022

2021 N.Y. Misc. LEXIS 2697, *2

disclosure.

On or about December 29, 2020, a New York Freedom of Information Law (FOIL) request was made to the Respondent Brighton Police Department (BPD) seeking personnel and disciplinary records for Petitioner Investigator Hunt (Hunt) and every other officer in the BPD from the date of the FOIL request back to the date when each officer was hired. BPD informed their officers that, pursuant to the new sections of the POL, all disciplinary records, including those dated before June 12, 2020, would be released notwithstanding the respective officers accrued rights to privacy and confidentiality delineated in the respective settlement agreements they made with the BPD.

On or about December 31, 2020, Petitioners brought the instant *CPLR Article 78* action seeking a declaratory judgment that such a release of **[*3]** records would be violative of the Town's current Collective Bargaining Agreement (CBA) with the Union, and that any such releases would also be a violation of the affected officers' accrued rights pursuant to past settlement agreements entered into before June 12, 2020.

The Court holds that the repeal of *§ 50-a* should not be given retroactive effect. *New York State General Construction Law (CCL) § 93* states,

> [t]he repeal of a statute or part thereof shall not affect or impair any act done, offense committed or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected.

It is well established that in the absence of evidence of contrary intent such legislation is not to be given retroactive effect" and that to rule otherwise "would deprive persons of substantial rights." *People v Roper, 259 N.Y. 635, 182 N.E. 213 (1932)*. The recent legislation which repealed *§ 50-a* contained no language to suggest that either the Legislature or

the Governor intended such repeal to be applied *retroactively.* "[R]etroactive application is not permitted... [where] applying the statutes and amendments **[*4]** retroactively would infringe on existing, recognized rights." *Charbonneau v State of New York, 178 AD2d 815, 577 N.Y.S.2d 534 (3d Dept. 1991).*

"Except where the Constitution prohibits it, the Legislature is free to enact laws that have retroactive application. [The Court has] long recognized that the General Construction Law places no restraint on the Legislature beyond the restrictions in the Constitution." *Kellogg v. Travis, 100 NY2d 407, 411, 796 N.E.2d 467, 764 N.Y.S.2d 376 (2003).* In *Kellogg,* the Court found "undisputably clear language of the statute" that the Legislature intended the relevant act to apply retroactively. This Court can find no similar "undisputably clear language" in the repeal of *§ 50-a.*

Petitioners also established that officers represented by the Union have, over time, entered into settlement agreements with BPD, and have relied on a condition that such settlements would remain confidential. Thus, to now allow for retroactive disclosure of the details of these same settlements would be to deprive these officers of their contractual or accrued rights. "[T]he legislature is not free to impair vested or property rights. The vested rights doctrine recognizes that a judgment after it becomes final, may not be affected by subsequent legislation [U]nder this doctrine, a judgment becomes an inviolable property right, which thereafter **[*5]** may not constitutionally be abridged by subsequent legislation." *Hodes v. Axelrod, 70 N.Y.2d 364, 515 N.E.2d 612, 520 N.Y.S.2d 933 (1987).*

The Court also finds, and Respondents concede, that under the terms of the CBA, details of any *unfounded* complaints cannot he released by the Town or BPD. According to the CBA, Article 7, paragraph 4, "[a]fter investigation, no reference or record of a citizen complaint that proves unfounded

FILED: ERIE COUNTY CLERK 06/02/2022 04:28 PM
NYSCEF DOC. NO. 28

INDEX NO. 808523/2021

RECEIVED NYSCEF: 06/02/2022

Case 1:23-cv-00419-WMS-MJR   Document 1-16   Filed 05/11/23   Page 20 of 29

2021 N.Y. Misc. LEXIS 2697, *5

shall be entered into the employee's personnel folder..."

Accordingly, it is

ORDERED, that the language of *New York General Construction Law § 93*, which states that the repeal of part of a statute does not affect any act accruing prior to the time of such repeal, applies to the repeal of *Civil Rights Law §50-a*; it is further

ORDERED, that, based on the above, the repeal of *Civil Rights Law §50-a* is not to be applied retroactively; it is further

ORDERED, the repeal of *Civil Rights Law § 50-a* does not provide for the release of records related to unsubstantiated claims; it is further

ORDERED, that a Permanent Injunction is hereby issued prohibiting the Respondents from releasing any employment or disciplinary records created prior to June 12, 2020 except as may be mandated by lawful court order.

Dated: April 16, 2021

ENTER:

/s/ Ann Marie Taddeo

Hon. Ann Marie Taddeo, J.S.C.

---

# EXHIBIT C

# *Matter of N.Y. Civ. Liberties Union v. City of Syracuse*

Supreme Court of New York, Onondaga County

May 5, 2021, Decided

002602/2021

**Reporter**

72 Misc. 3d 458 *; 148 N.Y.S.3d 866 **; 2021 N.Y. Misc. LEXIS 2210 ***; 2021 NY Slip Op 21128 ****; 2021 WL 1804382

**[****1]** In the Matter of the Petition of New York Civil Liberties Union, Petitioner, against City of Syracuse and Syracuse Police Department, Respondents.

**Notice:** THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.

THIS OPINION IS UNCORRECTED AND WILL NOT BE PUBLISHED IN THE PRINTED OFFICIAL

## Core Terms

records, repeal, unsubstantiated, documents, privacy, disciplinary record, police officer, complaints, disclosure, exemptions, argues, alleges, unsubstantiated claim, substantiated, cases, attorney's fees, asserts, charges

## Case Summary

### Overview

HOLDINGS: [1]-On a notice of petition seeking to compel respondents to release certain documents pursuant to the Freedom of Information Law, Public Officers Law § 84 et seq., Public Officers Law § 84 et seq., the court had no choice but to deny the request for an order releasing all unsubstantiated discipline records because the release of unsubstantiated claims had been previously found to be prohibited by *Public Officers Law § 87(2)* as an unwarranted invasion of privacy, and the repeal of former *Civil Rights Law § 50-a* did not require documents related to unsubstantiated claims against police officers to be released.

### Outcome

Motion to dismiss granted. Petition denied.

## LexisNexis® Headnotes

Administrative Law > ... > Freedom of Information > Defenses & Exemptions From Public Disclosure > Internal Personnel Rules

Governments > Local Governments > Employees & Officials

Administrative Law > ... > Freedom of Information > Defenses & Exemptions From Public Disclosure > Medical & Personnel Files

Administrative Law > ... > Defenses & Exemptions From Public Disclosure > Law Enforcement Records > Personal Information

*HN1*[⤓] **Defenses & Exemptions From Public Disclosure, Internal Personnel Rules**

Former *Civil Rights Law § 50-a* allowed agencies to deny *Freedom of Information Law, Public*

FILED: ERIE COUNTY CLERK 06/02/2022 04:28 PM
INDEX NO. 808523/2021
NYSCEF DOC. NO. 29
Case 1:23-cv-00419-WMS-MJR   Document 1-16   Filed 05/11/23   Page 23 of 29
RECEIVED NYSCEF: 06/02/2022
Page 2 of 6

72 Misc. 3d 458, *458; 148 N.Y.S.3d 866, **866; 2021 N.Y. Misc. LEXIS 2210, ***2210; 2021 NY Slip Op 21128, ****1

*Officers Law § 84 et seq.*, requests which sought personnel records of, inter alia, police officers. Personnel records include documents relating to misconduct or rule violations by police officers. *Civil Rights Law § 50-a* was repealed effective June 12, 2020. In the same law, the Legislature also defined law enforcement disciplinary records. *Public Officers Law § 86(6)*. The Legislature also provided that certain personal information must be redacted from any law enforcement disciplinary records which an agency releases. *Public Officers Law §§ 87(4-a)*, *87(4-b)*, 89(2-b), and 89(2-c). The repeal of *Civil Rights Law § 50-a* made no other changes.

Administrative Law > ... > Prohibition of Disclosure > Specific Exemptions Allowing Disclosure > Freedom of Information Act

Administrative Law > ... > Freedom of Information > Defenses & Exemptions From Public Disclosure > Medical & Personnel Files

**HN2[⤓]** **Specific Exemptions Allowing Disclosure, Freedom of Information Act**

*Public Officers Law § 87(2)(b)* exempts from disclosure any record or part of a record which if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article. *Public Officers Law § 87(2)(b)*. The disclosure of unsubstantiated complaints have been considered exempt as an invasion of personal privacy.

Governments > Legislation > Interpretation

**HN3[⤓]** **Legislation, Interpretation**

Legislative intent is not something easily divined from the minds of dozens of legislators. The traditional view is that an enacted text is itself the law. The sovereign will is made known to the courts by legislative enactment. And it is made known in no other way. Whenever a law is adopted, all that is really agreed upon is the words.

Civil Procedure > Settlements > Releases From Liability > General Releases

**HN4[⤓]** **Releases From Liability, General Releases**

The release of unsubstantiated claims have been previously found to be prohibited by *Public Officers Law § 87(2)* as an unwarranted invasion of privacy.

Administrative Law > ... > Freedom of Information > Defenses & Exemptions From Public Disclosure > Internal Personnel Rules

Labor & Employment Law > Employee Privacy > Constitutional Protections

Administrative Law > ... > Defenses & Exemptions From Public Disclosure > Law Enforcement Records > Personal Information

**HN5[⤓]** **Defenses & Exemptions From Public Disclosure, Internal Personnel Rules**

Internal judicial investigations of charges or complaints against judicial officers are confidential, and no authority, decisional or statutory, suggests otherwise. When, however, such charges or complaints are sustained and the determinations are made public by the court with jurisdiction of the charges, it may be an abuse of discretion, as a matter of public policy, absent compelling circumstances affecting the public interest, not to make available to public scrutiny so much of the record and proceedings as bear on the charges sustained. Certainly there is no greater public interest in fairness and justice than the courts and legal system which should also be weighted similarly among police officers' and other public

FILED: ERIE COUNTY CLERK 06/02/2022 04:28 PM
INDEX NO. 808523/2021
NYSCEF DOC. NO. 29
Case 1:23-cv-00419-WMS-MJR Document 1-16 Filed 05/11/23 Page 24 of 29
RECEIVED NYSCEF: 06/02/2022

72 Misc. 3d 458, *458; 148 N.Y.S.3d 866, **866; 2021 N.Y. Misc. LEXIS 2210, ***2210; 2021 NY Slip Op 21128, ****1

employees' right to privacy including those other exemptions to disclosure under the Public Officers Law. The repeal of former *Civil Rights Law § 50-a* does not require documents related to unsubstantiated claims against police officers to be released.

> Administrative Law > ... > Defenses & Exemptions From Public Disclosure > Law Enforcement Records > Investigative Techniques

> Governments > Local
> Governments > Employees & Officials

*HN6*[🔽] **Law Enforcement Records, Investigative Techniques**

*Public Officers Law § 87(2)(e)* restricts the release of information which would interfere with law enforcement investigations or judicial proceedings. Certainly open claims would fall into this category. Further, *Public Officers Law § 87(2)(g)* precludes certain inter- and intra-agency documents which are not final determinations.

**Counsel:** **[***1]** Caitlin Elizabeth Feeney, Esq., Plaintiff.

Michael Lacovara, Esq., Plaintiff.

John G. Powers Esq., Defendant.

**Judges:** Gerard J. Neri, J.

**Opinion by:** Gerard J. Neri

## Opinion

**[**868]** **[*459]** On March 18, 2021, Petitioner New York Civil Liberties Union ("NYCLU") filed a Petition (NYSCEF Doc. No. 1) with a Notice of Petition (NYSCEF Doc. No. 2) seeking to compel Respondents to release certain documents pursuant to Public Officers Law ("Public O.") *§ 84 et seq.*, commonly known as the Freedom of Information

Law ("FOIL"), and are now seeking enforcement via *Article 78 of the CPLR* for an order of mandamus. The Parties requested a brief adjournment of the matter (NYSCEF Doc. No. 25), which was granted and the matter was placed on the Court's calendar for April 29, 2021 (NYSCEF Doc. No. 26). On April 14, 2021, Respondents answered the Petition (NYSCEF Doc. No. 36) and moved to dismiss the Petition (NYSCEF Doc. No. 27, *et seq.*).

Petitioner alleges that on September 15, 2020, it submitted a FOIL request to the Syracuse Police Department ("SPD") seeking, *inter alia*, disciplinary records, records relating to the use of force, records relating to stops/temporary detentions/field interviews, complaints about misconduct, immigration-related enforcement, Syracuse Citizen Review Board **[***2]** Records, records concerning diversity in ranks, and additional policies and agreements (the "FOIL Request", **[****2]** NYSCEF Doc. No. 5). On September 23, 2020, Respondents acknowledged receipt of the FOIL Request and stated that "our initial estimate is that the collection, review, and redaction of these records will require one (1) year from the date of this letter" (the "Acknowledgment", NYSCEF Doc. No. 6). In November 2020, the Parties met concerning the FOIL Request, whereat Respondent allegedly committed to a "rolling production of documents partially responsive to the Request" (*see* Petition, NYSCEF Doc. No. 1, ¶ 2). In a letter dated November 17, 2020, Respondents denied that portion of the FOIL Request seeking disciplinary records related to complaints not yet substantiated (NYSCEF Doc. No. 7). Petitioner alleges this denial is unlawful and is the focus of this proceeding (*see* Petition, NYSCEF Doc. No. 1, ¶ 3). Petitioner alleges Respondents' partial denial contravenes the plain language of the recent repeal of Civil Rights Law ("CRL") *§ 50-a* (*ibid* at ¶ 6).

Petitioner notes that under FOIL, government records are "presumptively open for public inspection and copying unless they fall

FILED: ERIE COUNTY CLERK 06/02/2022 04:28 PM
NYSCEF DOC. NO. 29

INDEX NO. 808523/2021
RECEIVED NYSCEF: 06/02/2022

Case 1:23-cv-00419-WMS-MJR   Document 1-16   Filed 05/11/23   Page 25 of 29

72 Misc. 3d 458, *459; 148 N.Y.S.3d 866, **868; 2021 N.Y. Misc. LEXIS 2210, ***2; 2021 NY Slip Op 21128, ****2

within [***3] one of the enumerated exemptions of Public O. *§ 87(2)*" (*Gould v. New York City Police [\*460] Dep't, 89 NY2d 267, 274-75, 675 N.E.2d 808, 653 N.Y.S.2d 54 [1996]).* Petitioner asserts that the repeal of *CRL § 50-a* "commands the disclosure of all disciplinary records, regardless of status or disposition" (*see* Memorandum of Law, NYSCEF Doc. No. 3, p. 5). Petitioner alleges that the Legislature considered and rejected a narrower version of the *CRL § 50-a* repeal which would have limited the release of documents to substantiated claims (*see S.4213*). Petitioner notes that Public O. *§ 89* was also amended to create limited disclosure shields for certain personal information relative to police officers (*see e.g.* Public O. *§§ 89(2-b)* and *89(2-c)*).

Petitioner argues that Respondents' interpretation of Public O. *§ 87(2)(b)* would nullify the repeal of *CRL § 50-a*. Petitioner points to comments made during the debate of the bills it was proffered that the intent was specifically to look at the process, not just the results, of disciplinary proceedings (*see* NY Senate, Floor Debate, 243rd NY Leg., Reg. Sess. 1805-06 (June 9, 2020). Petitioner further alleges that [**869] other courts have rejected Respondents' interpretation (*see Schenectady PBA v. City of Schenectady, 2020 NY Misc. LEXIS 10947, at 12-13 [Sup. Ct. Schenectady Cty 2020]; see also Buffalo Police Benevolent Assn., Inc. v. Brown, 69 Misc. 3d 998, 134 N.Y.S.3d 150, 154 [Sup. Ct. Erie Cty. 2020]).* Petitioner urges the Court to grant the relief sought.

Petitioner further argues it is entitled to attorneys' fees. Petitioner notes the Court: [***4]

"may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed, and when the agency failed to respond to a request or appeal within the statutory time; and (ii) shall assess, against such agency involved, reasonable attorney's fees and other litigation

costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public O. *§ 89(4)(c)*).

Petitioner asserts that SPD has invoked a "personal privacy" exemption that was specifically rejected by the Legislature and therefore the denial was done without a reasonable basis.

[\*461] Respondents answered and generally denied (*see* Answer, NYSCEF Doc. No. 36). Respondents further move to dismiss the petition pursuant to *CPLR §§ 7804(f)* and *409(b)* [****3] (NYSCEF Doc. No. 27, *et seq.*). Respondents assert that the repeal of *CRL § 50-a* did not result in a change of FOIL resulting in police officers being treated less favorably than other public employees (*see* Affirmation, NYSCEF Doc. No. [***5] 28, ¶¶ 3-4). Respondents note the repeal did not change, let alone mention Public O. *§ 87(2)(b)*, the personal privacy exemption (*ibid* at ¶ 5, *see also L. 2020, ch. 96*). Respondents cite numerous cases where courts determined that Public O. *§ 87(2)(b)* required unsubstantiated records to be shielded (*see Wester Suffolk Bd. of Co-op. Educ. Servs. V. Bay Shor Union, 250 AD.2d 772, 773, 672 N.Y.S.2d 776 [Second Dept. 1998]; LaRocca v. Bd. of Educ.,* 220 AD2d 424, 427, 632 N.Y.S.2d 576 [Second Dept. 1995]; *Santomero v. Board of Educ.,* 2009 WL 6860644 [Sup. Ct. Westchester Cty. 2009]; *Herald Company v. School District of City of Syracuse, 104 Misc 2d 1041, 430 N.Y.S.2d 460 [Sup. Ct. Onondaga Cty. 1980]).* Respondents also point to an Advisory Opinion ("AO") from the Committee on Open Government which similarly found Public O. *§ 87(2)(b)* affords public employees, including police officers, certain privacy protections in regards to "unsubstantiated and unfounded complaints" (*see* AO 19775, NYSCEF Doc. No. 31). Respondents also point to the floor debate of the repeal of *CRL § 50-a* which they claim supports their position (*see* Assembly Floor Debate, June 9, 2020, NYSCEF Doc. No. 29, pp. 60, 170, 176, & 211).

FILED: ERIE COUNTY CLERK 06/02/2022 04:28 PM
NYSCEF DOC. NO. 29

INDEX NO. 808523/2021
RECEIVED NYSCEF: 06/02/2022

Case 1:23-cv-00419-WMS-MJR   Document 1-16   Filed 05/11/23   Page 26 of 29

Page 5 of 8

72 Misc. 3d 458, *461; 148 N.Y.S.3d 866, **869; 2021 N.Y. Misc. LEXIS 2210, ***5; 2021 NY Slip Op 21128, ****3

Respondents argue the cases cited by Petitioner are irrelevant to the issues at bar. The Committee on Open Government reviewed the same cases proffered by Petitioner and dismissed them as not being on point (*see* AO 17985, NYSCEF Doc. No. 32). Respondents urge the Court grant deference to the Committee on Open Government's interpretation of the relevant statutes (*see Matter of Forsyth v. City of Rochester, 185 A.D.3d 1499, 125 N.Y.S.3d 903 [Fourth Dept. 2020]*). Respondents proceed to distinguish the Petitioner's **[***6]** proffered cases from the facts at issue.

Respondents also argue that Petition failed to preserve the issue as they did not take an administrative appeal (*see Matter of Ayuso v. Graham, 177 A.D.3d 1389, 1390, 114 N.Y.S.3d 547 [Fourth Dep.t 2019])*. Respondents **[**870]** allege that Petitioner only appeals two issues: a) **[*462]** whether the SPD's response was deficient because it did not fully articulate the reasons for the denial; and b) whether the repeal of *CRL § 50-a* mandated disclosure of all police disciplinary records regardless of the existence of other applicable FOIL exemptions. Respondents argue any challenge to SPD's application of Public O. *§ 87(2)(b)*, outside of the Petitioner's argument concerning the repeal of *CRL § 50-a*, was waived.

Respondents argue that their denial of Petitioner's FOIL request was reasonable in light of Respondents' reliance on the opinion from the Committee on Open Government, thus, Petitioner is not entitled to an award of attorneys' fees and costs.

Petitioner replies and notes the singular issue before the Court concerns "SPD's categorical refusal to produce enforcement disciplinary records if those records relate to complaints that were not substantiated or remain open" (Memorandum of Law, NYSCEF Doc. No. 40, p. 1). Petitioner further asserts: "All the NYCLU seeks is to hold the **[***7]** SPD to the strictures of FOIL in a manner consistent with (a) the text and structure of the statute, (b) other recent court decisions, and (c) the "Advisory Opinion" that the SPD invokes

repeatedly" (*ibid*). Petitioner asserts Respondents have taken an overbroad approach to Public O. *§§ 87(2)(b)* and *89(2)* (*ibid* at p. 2). Petitioner relies on opinions from courts which are not binding upon this Court to substantiate their opinion (*see e.g. People v. Herrera, No. CR-004539-20NA, 2021 N.Y. Misc. LEXIS 1428, 2021 WL 1247418, at *5 (NY Dist. Ct. Apr. 5, 2021)*. Petitioner argues that the privacy exceptions of Public O. *§ 87* do not exist in a vacuum but must be read in concert with Public O. *§ 89*. Petitioner further argues that Public O. *§ 89* defines the scope of the privacy exception **[****4]** (Memorandum of Law, NYSCEF Doc. No. 40, p. 6).

Petitioner further argues that the cases cited by Respondents are irrelevant to the matter at hand and "misdirection" (*ibid* at. p. 7). Petitioner argues that *Herald Co. v. School Dist. of City of Syracuse* was decided based upon the exceptions in Public O. *§ 87(2)(a)* and *(g)*, not Public O. *§ 87(2)(b)* (*ibid at p. 8*; *see also Herald Co. at 1045-1047*). The court in *Herald Co.* specifically declined to "determine whether the records sought would constitute an unwarranted invasion of privacy if disclosed" (*Herald Co. at 1047*). Petitioner **[***8]** also argues that the legislative intent of the repeal of *CRL § 50-a* **[*463]** was to open all records to public inspection, regardless of whether the claims were substantiated (*see Schenectady v. PBA, supra*). Petitioner prays this Court grant the requested relief.

The matter was heard virtually on April 29, 2021. The Parties reiterated their arguments and highlighted what they believed to be their strongest points. Petitioner denied that they waived any arguments as alleged by Respondents. Petitioner further noted the issue before the Court was the narrow question regarding the release of "unsubstantiated" records. Upon questioning by the Court, Petitioner acknowledged there were two categories, unsubstantiated and open claims, but that Petitioner generally believed both categories fell under the heading of unsubstantiated. Petitioner further argued that the Legislature defined what the

FILED: ERIE COUNTY CLERK 06/02/2022 04:28 PM
INDEX NO. 808523/2021

NYSCEF DOC. NO. 29

Case 1:23-cv-00419-WMS-MJR   Document 1-16   Filed 05/11/23   Page 27 of 29

RECEIVED NYSCEF: 06/02/2022

72 Misc. 3d 458, *463; 148 N.Y.S.3d 866, **870; 2021 N.Y. Misc. LEXIS 2210, ***8; 2021 NY Slip Op 21128, ****4

privacy interests of the subject police officers were in Public O. *§ 89*.

Respondents argued that the information protected under Public O. *§§ 89(2-b)*, and *89(2-c)* is the minimum an agency should redact, not a maximum. A point Petitioner later conceded: that Public O. *§ 89(2)* was not an exhaustive list. Respondent further argued that the documents sought by Petitioner did not **[\*\*\*9]** need to be itemized if they fell into a category of **[\*\*871]** information protected by Public O. *§ 87*, such as unsubstantiated claims against police officers.

Respondent analogized the release of unsubstantiated claims against police officers to the attorney and judicial grievance processes. Respondent noted that in both those instances, unsubstantiated attorney and judicial grievances are not publicly released. Respondent argues the same logic applies in that unsubstantiated claims are just that, unsubstantiated and that the potential injury to an individual's reputation outweighs the public's right to know.

Both Parties conceded that records related to unsubstantiated and open claims may fall into more than one category of protected information, as exemplified by *Herald Co.*

*Discussion*:

Petitioner seeks an order of the Court "directing Respondents to comply with its duty under FOIL to disclose copies of all law enforcement disciplinary records collected by the SPD, regardless of disposition, sought by Petitioner in the FOIL Request dated September 15, 2020" (*see* Petition, NYSCEF Doc. No. 1, p. 10). The subject matter of the Petition is focused on Respondents' **[\*464]** November 17, 2020 denial letter (*see* Petition, **[\*\*\*10]** NYSCEF Doc. No. 1, ¶ 3; *see also* Denial Letter, NYSCEF Doc. No. 7; *see also* Memorandum of Law, NYSCEF Doc. No. 40, p. 1). The documents denied fall into two categories: 1) matters which are "open"; and 2) closed matters which were not substantiated. Collectively, the

Court considers these categories to be collectively "unsubstantiated" matters. Petitioner alleges that the repeal of *CRL § 50-a* means that both categories of documents are now open for public review.

**HN1**[⬆] *CRL § 50-a* allowed agencies to deny FOIL requests which sought personnel records of, *inter alia*, police officers (*see generally NYCLU v. New York City Police Dept., 32 NY3d 556, 94 N.Y.S.3d 185, 118 N.E.3d 847 [2018]*). "Personnel records include documents relating to misconduct or rule violations by police officers" (*Matter of Columbia-Greene Beauty Sch., Inc. v. City of Albany, 121 A.D.3d 1369, 1370, 995 N.Y.S.2d 340 [Third Dept. 2014]* **[\*\*\*\*5]** ). *CRL § 50-a* was repealed effective June 12, 2020 (*see L 2020, ch. 96*). In the same law, the Legislature also defined "law enforcement disciplinary records" (*see* Public O. *§ 86(6)*). The Legislature also provided that certain personal information must be redacted from any law enforcement disciplinary records which an agency releases (*see* Public O. *§§ 87(4-a)*, *87(4-b)*, *89(2-b)*, and *89(2-c)*). The repeal of *CRL § 50-a* made no other changes (*see L 2020, ch. 96*).

**HN2**[⬆] Public O. *§ 87(2)(b)* exempts from disclosure any record **[\*\*\*11]** or part of a record which "if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article" (Public O. *§ 87(2)(b)*). As noted by Respondents, the disclosure of unsubstantiate complaints have been considered exempt as an invasion of personal privacy (*see e.g. LaRocca v. Board of Educ., 220 AD2d 424, 427, 632 N.Y.S.2d 576 [Second Dept. 1995]*). This view is also held by the Committee on Open Government (*see* AO 19775, NYSCEF Doc. No. 31). The Committee on Open Government specifically states, "there is nothing in the statute to suggest that the legislature intended that any of the records of law enforcement agency employees be *more* available than the records of other government employees" (*ibid, emphasis in original*).

The cases cited by Petitioner do not support its

72 Misc. 3d 458, *464; 148 N.Y.S.3d 866, **871; 2021 N.Y. Misc. LEXIS 2210, ***11; 2021 NY Slip Op 21128, ****5

position. For example, in *Buffalo Police Benevolent Assn., Inc. v. Brown*, the issue to be determined was a temporary restraining order **[*465]** ("TRO") and **[**872]** other injunctive relief and such relief was denied as the petitioners had failed to exhaust their administrative remedies (*see Buffalo Police Benevolent Assn., Inc. v. Brown, 69 Misc 3d 998, 1001, 134 N.Y.S.3d 150 [Sup. Ct. Erie Cty. 2020])*. While the court in *Buffalo Police Benevolent Assn.* declined to provide a "blanket prohibition", in the form of a TRO, on the disclosure of certain employment **[***12]** records, neither did it hold that the subject records should be disclosed wholesale:

> "Finally, it should be noted that the court's rulings do not mean that police disciplinary records — whether requested by the Buffalo Common Council or whether demanded by some other entity by some other method — shall be released or must be released. The court is not mandating or otherwise authorizing the public release of any particular records. That decision will presumably be made by the Respondents in accordance with the provisions and exemptions set forth in the Public Officers Law, including *§ 87(2)(b)*" (*Buffalo Police Benevolent Assn. at 1004-1005*).

*Buffalo Police Benevolent Assn.* does not purport to stand for the proposition that records must be released.

In *Schenectady PBA*, the court noted the repeal of *CRL 50-a* resulting in "access to law enforcement personnel records, including disciplinary history is now governed by FOIL alone" (*Schenectady PBA at 10*). However, our sister court in *Schenectady PBA* then goes against the previous decisions on unsubstantiated complaints by stating: "In terms of public access, it is of little consequence that records contain unsubstantiated charges or mere allegations of misconduct" (*Schenectady PBA at 12*). The court in *Schenectady PBA* further relies on its interpretation **[***13]** of "legislative intent":

> "In our current times, our state lawmakers have

seen fit to require disclosure of police personnel records, upon FOIL request, even when such records reflect no more than **[****6]** allegations. They, presumably, did so in the name of opening the door to transparency, and having done so, it would be palpably improper for this Court to close it. It strikes the Court that the legislature intended not just a change in law but, rather, a change in culture. It is the Court's function to enforce the current laws in **[*466]** a manner that reflects that intention" (*Schenectady PBA at 15*).

This Court respectfully disagrees.

*HN3*[⬆] Legislative intent is not something easily divined from the minds of dozens of legislators.

> "The traditional view is that an enacted text is itself the law. As the Supreme Court of the United States wrote in 1850: 'The sovereign will is made known to us by legislative enactment.' And it is made known in no other way. Or as an early-20th-century theorist put the point: '[w]henever a law is adopted, all that is really agreed upon is the words'" (Scalia & Garner, *Reading Law: The Interpretation of Legal Texts*, § 68 at p. 397, *citing Wheeler v. Smith, 50 U.S. 55, 78, 13 L. Ed. 44 [1850]*, and Josef Kohler, "Judicial Interpretation of Enacted Law," in **[***14]** *Science of Legal Method: Select Essays by Various Authors* 187, 196 (1917)).

Both sides have proffered examples from the legislative record which they purport to support their respective positions. All this Court can base its determination on is the final product: ***the law as enacted.***

The law clearly repealed *CRL § 50-a* (L 2020 ch. 96, § 1). The law also provided added definitions (*ibid*, § 2), as well as providing certain items which must be redacted prior to release (*ibid*, §§ 3 and 4). **[**873]** What the law did not provide for was altering previously existing privacy considerations. *HN4*[⬆] The release of unsubstantiated claims have been previously found to be prohibited by

72 Misc. 3d 458, *466; 148 N.Y.S.3d 866, **873; 2021 N.Y. Misc. LEXIS 2210, ***14; 2021 NY Slip Op 21128, ****6

Public O. *§ 87(2)* as an unwarranted invasion of privacy (*see Matter of LaRocca supra*). When considering the repeal of *CRL § 50-a* through the lens of previous caselaw, the Court has no choice but to deny the request for an order releasing all unsubstantiated discipline records.

The Court further agrees with respondent in its analogy with attorney and judicial grievances. For example, *Judiciary Law § 90(1)* states in pertinent part: "all papers, records and documents upon the application or examination of any person for admission as an attorney and counsellor at law and upon any complaint, inquiry, investigation or [***15] proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential". *HN5*[⬆] The Court of Appeals in *Nichols v. Gamso (35 NY2d 35, 38, 315 N.E.2d 770, 358 N.Y.S.2d 712 [1974])* stated: [*467] "Internal judicial investigations of charges or complaints against judicial officers are confidential, and no authority, decisional or statutory, suggests otherwise. When, however, such charges or complaints are sustained and the determinations are made public by the court with jurisdiction of the charges, it may be an abuse of discretion, as a matter of public policy, absent compelling circumstances affecting the public interest, not to make available to public scrutiny so much of the record and proceedings as bear on the charges sustained". The logic is persuasive. Certainly there is no greater public interest in fairness and justice than our own courts and legal system which should also be weighted similarly among police officers' and other public employees' right to privacy including those other exemptions to disclosure under the Public Officers Law. Contrary to Petitioner's assertions, the repeal of *CRL § 50-a* does not [****7] require documents related to unsubstantiated claims against police officers to be released. Further, the [***16] public interest in the release of unsubstantiated claims do not outweigh the privacy concerns of individual officers.

Another point conceded by the Parties was that records related to unsubstantiated and open claims may also fall into other categories of restricted material. *HN6*[⬆] Public O. *§ 87(2)(e)* restricts the release of information which would interfere with law enforcement investigations or judicial proceedings. Certainly open claims would fall into this category. Further, as relied upon in *Herald Co.*, Public O. *§ 87(2)(g)* precludes certain inter- and intra-agency documents which are not final determinations.

As the Court has denied the release of documents pursuant to FOIL, the request for attorneys fees and costs is moot. However, even had the Court granted the release of documents, the Respondents have demonstrated a reasonable basis to withhold documents based upon the opinions of the Committee on Open Government and other relevant caselaw (*see* Public O. *§ 89(4)(c)*). The foregoing constitutes the decision of the Court.

**NOW, THEREFORE**, upon reading and filing the papers and the arguments held on April 29, 2021 with respect to the Petition and Motion, and due deliberation having been had thereon, it is hereby [***17]

**ORDERED**, that the motion to dismiss made by Respondents City of Syracuse and Syracuse Police Department is [*468] hereby GRANTED; and it is further

**ORDERED**, that the Petition is DENIED in its entirety.

Dated: *May 5, 2021*

HON. GERARD J. NERI, J.S.C.

End of Document