SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

ERIC C. MARTIN,

        *Plaintiff,*    **PLAINTIFF'S REPLY**

vs.    Index No.: **808523/2021**

TOWN OF TONAWANDA POLICE DEPARTMENT
o/b/o THE TOWN OF TONAWANDA, SPEEDWAY LLC,
MARATHON PETROLEUM CORPORATION, and
JOHN DOE #1, 2, 3, 4, 5, 6, 7, 8,

        *Defendants.*

---

**PLEASE TAKE NOTICE** that Plaintiff, ERIC C. MARTIN, states the following in response to Defendant's, TOWN OF TONAWANDA POLICE DEPARTMENT o/b/o THE TOWN OF TONAWANDA's June 2, 2022 opposition to Plaintiff's Motion to compel discovery.

**DEFENDANT'S RESPONSE IS DEFICIENT AS A MATTER OF LAW**

 1. An individual or entity who seeks a protective order bears the initial burden to show that the discovery sought is either irrelevant or that it is obvious the process will not lead to legitimate discovery. *Matter of Kapon v. Koch*, 23 N.Y.3d 32, 34 (2014); *see also, Spectrum Sys. Intl. Corp. v. Chemical Bank*, 78 N.Y.2d 371, 377 (1991).

 2. Defendant Town of Tonawanda Police Department (hereafter "TPD") has the burden of showing the discovery of disciplinary hearings and audio related to the arrest of Eric Martin and all employees of the TPD, including police officers IENCO, LAUGEMAN, VALINT, HEFT, SCRANTON, and MUSCOREIL is not discoverable.

3. Here, Defendant provides no affidavit of an employee of the Town of Tonawanda Police Department with knowledge discussing disciplinary hearings against those personnel involved in the seizure, arrest, and strip search of Plaintiff Eric Martin.

4. Defense counsel Paul Joyce in his June 2, 2022 Affirmation in Opposition of this motion at paragraph 4 states there has not been a final decision on any disciplinary matter involving Mr. Martin's arrest.

5. Defendant has provided no affidavit of an employee of the TPD indicating whether such evidence exists and has failed to comply with CPLR 3122(b). The attorney conclusion is deficient as a matter of law.

6. As such, Defendant has failed to establish that the discovery sought is either irrelevant or that it will not lead to legitimate discovery. Without such, there is no basis in evidentiary form to shift the burden to the Plaintiff.

7. Failure to provide the disciplinary records and audio by the TPD precludes the plaintiff from effectively prosecuting his case against the TPD. The Defendant has the burden of coming forward and showing how the discovery related to Mr. Martin's arrest and strip search while attempting to cash his $50 lottery ticket is not material and relevant discovery in this action. Defendant TPD has failed to meet its burden.

## DEFENDANT TPD'S ARGUMENT OF UNSUBSTANTIATED CLAIMS DOES NOT PRECLUDE DISCOVERY

8. Defendant fails to address the law in Erie County which recognizes the effect of the repeal of §50-a of the NY Civil Rights Law.

9. As discussed in *Buffalo Police Benevolent Assn., Inc. v. Brown,* 69 Misc. 3d 998 (Erie Cty. Sup. Ct. Oct. 9, 2020), Petitioners argued that despite the repeal of §50-a, certain disclosure items—including unsubstantiated complaints—should continue to remain secret. In refuting this claim, the Erie County Supreme Court established that any automatic prohibition on the release of any complaint deemed "unsubstantiated" was not only a drastic remedy, but an inappropriate one.

10. In turn, the Erie County Supreme Court ruling provided that the acts of the Legislature are entitled to a strong presumption of constitutionality and, as a result of the repeal of §50-a, the opposing party "bear[s] the ultimate burden of overcoming that presumption by demonstrating the amendment's constitutional invalidity beyond a reasonable doubt." *Buffalo Police Benevolent Assn., Inc.,* 69 Misc. 3d at 1004. The TPD has failed to dispute the amendment's constitutionality in this regard.

11. *Gannett Co., Inc. v. Herkimer Police Department,* 2022 N.Y. Misc. Lexis 1694 (Oneida Cty. Sup. Ct. 04/28/2022) cited by the defense is quite distinguishable. In *Gannett,* the petitioner sought all materials and records, allegations of misconduct, all disciplinary proceedings taken against any officer, employee or representative of the Herkimer Police Department for the period January 1, 1970 through June 15, 2020- over a 40-year period.

12. Significantly, the Herkimer Police Department provided all records responsive to the petitioner's request with the exception of unsubstantiated claims created *prior to the date Civil Rights Law 50 – a was repealed,* June 12, 2020. *Gannett Co., Inc.,* 2022 N.Y. Misc. Lexis at 1694.

13. Unlike *Gannett,* Plaintiff is not seeking such documentation. Plaintiff is instead seeking *disciplinary and audio records 1.) specifically related to conduct involving the Plaintiff in this case, Eric Martin and 2.) post CRL 50-a repeal.*

14. Similarly, as cited by Defendant, in *Matter of N.Y. Civ. Liberties Union v. City of Syracuse*, 72 Misc. 3d 458 (Onondaga Cty. Sup. Ct. May 5, 2021) the petitioner sought a wide range of records from the City of Syracuse Police Department. The Police Department indicated it would take a full year to redact the records but committed to a "rolling production of documents partially responsive to the request." *Matter of N.Y. Civ. Liberties Union* 72 Misc. 3d at 459.

15. The NYCLU was seeking a generalized, massive disclosure of records of all police personnel not related to any particular incident.

16. Here, Mr. Martin is seeking specific discovery to prosecute this action. The requested material is in the sole possession of the Defendant. Further, Mr. Martin acknowledges and agrees that the exceptions set forth in §87(2)(a) apply.

17. Very similar to the case at bar is *Schenectady Police Benevolent Assn. v. City of Schenectady*, 2020 N.Y. Misc. LEXIS 10947 (Schenectady Cty. Sup. Ct. Dec.29, 2020). In *Schenectady,* the Court granted requests for disciplinary records. The court granted this request in response to the repeal of CRL §50-a and in recognition of the nationwide protests for racial equality.

18. The Schenectady County Supreme Court held *"regardless whether unsubstantiated or unfounded or exonerated or dismissed, or regardless of whether or not yet fully determined, or regardless of whether founded but without discipline imposed, the respondents cannot determine to deny the sought disclosure." Id.* at *17.

19. Defendant has shown no factual basis to hide evidence of actions of its employees relevant and material to Mr. Martin's prosecution of his action.

### TPD'S ARGUMENT OF UNSBSTANTIATED CLAIM IS NOT BASED IN FACT

**(a)   The TPD Violated Arrest Procedures**

20. At the time of Mr. Martin's arrest, TPD personnel were required to provide an appearance ticket on the spot in response to Covid-19 Special Order mandates in place.

21. The TPD rules as to arrest during the Covid-19 pandemic are clearly provided in the March 31, 2020 Special Order of James P. Stauffinger, Chief of Police, which provides:

> *"It is the policy of the Town of Tonawanda Police Department is that all sworn personnel shall recognize that alternatives to in-custody arrests and pre-arraignment confinement are available and shall be used, absent special specific circumstances outlined below:*
>
> *1. Any mandatory arrest misdemeanor offense involving domestic violence;*
>
> *2. Any misdemeanor offense of operating a motor vehicle while under the influence of alcohol or drugs;"*
>
> See Feroleto Aff. dated April 20, 2022 at Ex.4 at Bates stamp TTPD00023 - TTPD00024.

22. Mr. Martin was not involved in domestic violence nor operating a motor vehicle under the influence. TPD personnel disregarded TPD policy arrested and transported Mr. Martin to the TPD headquarters. TPD personnel disregarded TPD directives in its arrest of Eric Martin.

**(b)   The TPD Violated Strip Search Procedures**

23. At TPD headquarters, Mr. Martin was strip searched, *See Exhibit 1* attached hereto. Further, the strip search took place in front of an individual of the opposite sex in direct violation of NY Comp. Codes R. & Regulations. Tit. 9 §167-2.7. NY Comp. Codes R. & Regulations. Tit. 9 §167-2.7. Exhibit 1 is a photograph extracted from Exhibit 2 of *Feroleto Aff.*

*dated April 20, 2022.* As a result of Defendant TPD's failure to comply with arrest procedures and established state law regarding strip searches, the conclusory attorney representation is insufficient as a matter of law. The Defendant has failed to meet its initial burden to show either that the discovery sought is irrelevant or that it is obvious the process will not lead to legitimate discovery.

## SUGGESTIONS OF A LACK OF A FINAL DECISION BY THE TPD IS NOT A BASIS TO STALL OR PROHIBIT DISCOVERY

25. The TPD is not the sole arbiter of whether discovery in this case can be had based upon its a potentially self-serving determination that claims of Plaintiff, ERIC MARTIN, against the TPD are unfounded.

26. Defendant has not come forward with any facts showing why disciplinary hearing records and audio are not relevant and material, or may lead to relevant and material discovery in this case.

27. Nor has Defendant provided the Court reasons in proper evidentiary form as to why the review of actions of TPD personnel have not resulted in a final decision after nearly 2 years. Self-serving dalliance cannot obstruct proper discovery in Mr. Martin's case against the TPD.

## PLAINTIFF'S SPECIFIC REQUESTS FOR RELIEF

**(a) Training material**

28. Defendant has not opposed or responded and has not shown why the evidence requested in the paragraph below should not be provided. As such, an order is requested to produce the discovery.

29. The request is for training material provided to TPD personnel officers IENCO, LAUGEMAN, VALINT, HEFT, SCRANTON and MUSCORIEL and that the TPD and Town of Tonawanda produce documents or items referring or relating to the use of force, probable cause, bias, and/or implicit bias for the period August 1, 2010 through July 30, 2020. Without opposition, this request must be granted.

**(b)     Complete responses and compliance with CPLR 3122(b)**

30. Compliance with CPLR 3122(b) makes discovery disputes less ambiguous and easier to resolve for the parties in the Court. This is particularly true in this case at bar. Defendant does not oppose nor come up with a reason for why it should disregard compliance with CPLR 3122(b). Compliance and the privilege log will assist in clarifying discovery questions for both the parties and the Court. It will allow orderly discussion as to specific items of discovery, rather than vague general denials.

31. Detective Moore's July 2020 email was not provided by the TPD. *See Feroleto Aff. dated April 20, 2022 at Ex.4 at Bates stamp #TTPD00020 – Department of Police – Town of Tonawanda, New York: Intra-Departmental Communication.* The omission may be a single inadvertence, or there may be more discovery not provided. It is requested that the TPD provide all discovery related to this case, and identify which of plaintiff's numbered requests the discovery is in response to. If no document exists as to a specific request, Defendant should state so. This will eliminate vagueness and clarify potential discovery and allow counsel to discuss specific discovery items.

32. As to evidence relating to the arrest of Eric Martin including disciplinary material and audio this was discussed above at paragraphs 9-19.

**WHEREFORE**, the Plaintiff respectfully requests an Order of this Court compelling the Defendant to provide responses to Plaintiff's outstanding discovery demands including:

i. Training Material provided to or available to TPD personnel IENCO, LAUGEMAN, VALINT, HEFT, SCRANTON and MUSCORIEL on the use of force, probable cause, bias, implicit bias for the period August 1, 2010 through July 30, 2020.

ii. Disciplinary Records and audio relating to the above individuals or the matter involving Eric Martin,

iii. Discovery previously not disclosed, and

iv. Responses identifying which paragraph of Plaintiffs Request is being responded to by Defendant Tonawanda, or that materials responsive to a request do not exist, consistent with CPLR 3122(b),

within 30 days of the date of this Motion or Defendant Tonawanda's Answer be stricken; and such other and further relief as this Court deems just and proper.

DATED: June 7, 2022
Buffalo, New York

JOHN P. FEROLETO, ESQ.
FEROLETO LAW
*Attorneys for Plaintiff*
438 Main Street, Suite 910
Buffalo, New York 14202
Telephone: (716) 854-0700

TO: **PAUL G. JOYCE, ESQ.**
**MARC S. SMITH, ESQ.**
**COLUCCI & GALLAHER, P.C.**
*Attorneys for Defendant The Town of Tonawanda Police Department o/b/o The Town of Tonawanda*
2000 Liberty Building
424 Main Street
Buffalo, New York 14202
Telephone: (716) 853-4080

CC: **BRITTANY L. HANNAH, ESQ.**
**SUGARMAN LAW FIRM, LLP**
*Attorneys for Defendant Speedway LLC*
211 West Jefferson Street, Suite 20
Syracuse, New York 13202
Telephone: (315) 474-2943

# EXHIBIT 1

## XProtect Smart Client 2019 R1 Surveillance Report



| Camera name: | Mens Outer Room |
|---|---|
| Image capture time: | 7/9/2020 1:59:37 PM (UTC-04:00) |
| Report print time: | 6/7/2022 10:21:15 AM (UTC-04:00) |
| User: | |
| User's note: | |

Copyright © Milestone Systems A/S - www.milestonesys.com

## XProtect Smart Client 2019 R1 Surveillance Report



| Camera name: | Mens Outer Room |
| --- | --- |
| Image capture time: | 7/9/2020 2:02:27 PM (UTC-04:00) |
| Report print time: | 6/7/2022 10:22:32 AM (UTC-04:00) |
| User: | |
| User's note: | |

Copyright © Milestone Systems A/S - www.milestonesys.com