STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

_____

ERIC C. MARTIN,

                          *Plaintiff,*

v.

THE TOWN OF TONAWANDA
POLICE DEPARTMENT
o/b/o THE TOWN OF TONAWANDA,
SPEEDWAY, LLC,
MARATHON PETROLEUM CORPORATION,
and JOHN DOES #1, 2, 3, 4, 5, 6, 7, 8
as employees of Defendant TOWN OF
TONAWANDA POLICE DEPARTMENT,

                          *Defendants.*

_____

**AFFIRMATION**

Index No. 808523/2021

Paul Joyce, under penalties of perjury, deposes and says:

1.      I am an attorney licensed to practice in the State of New York and am a member of Colucci & Gallaher, P.C., attorneys for defendant The Town of Tonawanda Police Department ("Tonawanda"), in the above-captioned action.  In this capacity, I am familiar with the facts and circumstances underlying this litigation, as well as the relief sought in the pending motion.

2.      This Affirmation and the exhibits attached hereto are submitted in opposition of the plaintiff's Motion to Compel depositions.

3.      Prior to the commencement of this action, Tonawanda responded to a FOIL request filed by Plaintiff on August 4th, 2020, which included *inter alia*, a copy of the police report for the present case. Copies of the FOIL request and list of documents are provided at **NYSCEF Doc. Nos. 21 and 22.**

Case 1:23-cv-00419-WMS-MJR   Document 1-26   Filed 05/11/23   Page 2 of 31

4.      Local news outlet WGRZ reported on Plaintiff's arrest on August 22nd, 2020, which included the police report of Plaintiff's arrest. A copy of the WGRZ news article is attached as **Exhibit A.**

5.      On August 2, 2021, Tonawanda served an EBT Notice to depose Plaintiff. A copy of the notice is attached as **Exhibit B.**

6.      On August 3, 2021, Plaintiff served EBT Notices to depose current non-parties Officer Brian Valint, Officer Brian Ienco, and Detective Mark Muscoreil. A copy of these notices is attached as **Exhibit C.**

7.      To this point, no other EBT Notices seeking depositions of Tonawanda employees or representatives have been received.

8.      Plaintiff served a request for production on September 7th, 2021. A copy of Plaintiff's request for production is included at **NYSCEF Doc. No. 16**.

9.      Defendants responded by providing several documents, and videos relating to Tonawanda Police procedure, arrest procedure, body camera footage, an emergency dispatch recording, and several internal police documents. A copy of Defendants' response is included at **NYSCEF Doc. No. 17**.

10.     Plaintiff filed a motion to compel Defendants to produce additional documents, including the training records of six Town of Tonawanda Police Officers, Heft, Ienco, Laugeman, Muscoreil, Scranton and Valint as well as disciplinary records relating to the arrest of Plaintiff. **See NYSCEF Doc. No. 11**.

11.     After this court's ruling on the motion to compel, Defendants produced the training records of the six named Town of Tonawanda Police Officers as well as the

2

INDEX NO. 808523/2021
Case 1:23-cv-00419-WMS-MJR Document 1-26 Filed 05/11/23 Page 3 of 31
RECEIVED NYSCEF: 08/25/2022

disciplinary records stemming from the Plaintiff's arrest. A copy of your deponent's correspondence providing the additional discovery documents is attached as **Exhibit D.**

12.     Despite providing all of this information, Plaintiff has refused to amend the complaint in the matter and specify the John Doe defendants, instead seeking to take non-party depositions of individuals that *may be named* as individual defendants in this matter before amending the complaint to actually name them. A copy of correspondence requesting that the John Doe defendants actually be named is included at **NYSCEF Doc. No. 48, pg. 5.**

### Argument

13.     Plaintiff has failed to properly identify the John Doe defendants within the statute of limitations period.

14.     Plaintiff has provided no evidence of due diligence in attempting to identify the John Doe defendants.

15.     Plaintiff has failed to adequately describe the John Doe defendants so as to put them on notice of the litigation pending against them.

16.     Plaintiff's attempt to compel depositions of specific individuals that may or may not be substituted at a later date for the unknown John Doe defendants is abusive of New York's Civil Procedural Laws and Rules, is likely to violate those individuals due process rights, and will unnecessarily increase the cost and burden of discovery.

17.     For example, Tonawanda has priority of deposition under the Civil Practice Law & Rules. If the deposition of Mr. Martin, Officer Valint, Officer Ienco, and Detective Muscoreil are taken, and then either Officer Valint, Officer Lenco, and Detective Muscoreil are named as specific defendants, then the deposition may have to be retaken.

3

Case 1:23-cv-00419-WMS-MJR   Document 1-26   Filed 05/11/23   Page 4 of 31

18.     It is fundamentally inequitable for Officer Valint, Officer Lenco, and Detective Muscoreil to be subject to deposition as non-parties, questioned about issues relating to the allegations in the complaint, without being named as defendants.

19.     The first cause of action in the complaint, false imprisonment, was made against John Doe Defendants #1-#5.

20.     The second cause of action in the complaint, false arrest, was also made against John Doe Defendants #1-#5.

21.     The fifth cause of action in the complaint, false imprisonment, was made against John Doe Defendants #6-#8.

22.     Plaintiff has had over two years to review the materials provided and identify the John Doe defendants by name. Plaintiff's failure to timely name the individual John Doe defendants has also resulted in certain claims being barred by the statute of limitations, such as false arrest and false imprisonment, yet Plaintiff is likely to ask questions in deposition regarding the barred claims.

23.     Details expanding on these arguments are set forth in the accompanying memorandum of law.

WHEREFORE, the Town of Tonawanda requests that the Court deny the motion to compel deposition of nonparty witnesses be denied in its entirety and enter a scheduling order in this matter identifying the last date to amend the complaint, followed by deposition completion dates and a deadline for filing a note of issue, together with such other and further relief as this Court deem just and proper.

4

DATE:      August 25, 2022
             Buffalo, New York

_____
Paul G. Joyce

5

Case 1:23-cv-00418-LJV Document 1-36 Filed 05/11/23 Page 6 of 31




2019 Chevrolet       2019 Chevrolet

**LOCAL NEWS**

# Lottery ticket mix up leads to man's arrest, charges dropped in Town of Tonawanda

—

A Town of Tonawanda man is not happy over the arrest in which he was claimed to have stolen property. Two officers have been brought up on departmental charges.

Author: **Jeff Preval**
Published: **4:28 PM EDT August 28, 2020**
Updated: **8:16 PM EDT August 28, 2020**




TOWN OF TONAWANDA, N.Y. — A Town of Tonawanda man is outraged that he was arrested for possession of a stolen lottery ticket, that he says he purchased from a gas station store.

It turns out that lottery ticket was legit.

Eric Martin is his name. He's 30 years old and is from the Town of Tonawanda.

In July, he went into the Speedway on Kenmore Avenue to redeem a winning scratch-off ticket for $50.



More Videos

Next Up
Where will the new B...

10/22/21, 4:22 PM    Case 1.23-cv-00418-WMS-JJM    Lottery ticket mix-up leads to man's arrest, charges dropped at Town of Tonawanda Speedway    Filed 05/11/23    Page 7 of 31



The Other Note

FEATURED BY

Instead of getting money for the winning ticket, a store employee called police to report Martin was cashing in a stolen lottery ticket.

Martin denied that claim, saying it was valid and that he bought it the day before.

Body camera video provided by the Town of Tonawanda Police shows that when police told Martin he was under arrest, Martin refused and tensed up. Police had to restrain him.



Town of Tonawanda Police body cam footage of WNY ma...

Martin was charged with possession of stolen property and resisting arrest.

"He's dealing with it. He was embarrassed, he was humiliated. He didn't want to get into a police car in handcuffs in front of his wife, his nine-year old-son and his infant daughter," said attorney John Feroleto.

Martin is also outraged that he was strip searched by police.

Police say that was done at the police station to make sure he didn't have anything on him.

According to Town of Tonawanda Police, Speedway confirmed that the lottery ticket was indeed purchased at the store by Martin. The charges were then dropped against Martin.

Martin's attorney says no decisions have been made about a possible lawsuit.

2 On Your Side spoke to Town of Tonawanda Police about the incident.



More Videos

Next Up
Where will the new B...

Case 1:23-cv-00418-LJV   Document 1-2   Filed 05/11/23   Page 8 of 31



REPORTER: How would you characterize the behavior and conduct of police officers responding to the speedway?

"Just from a specific legal standpoint, we satisfied all the probable cause and legal requirements to make an arrest. We had all those things in place," said Assistant Chief of Police Nick Bado, "There was an attempt to gather information. There was confirmation from store employees that this was in fact one of the stolen lottery tickets, so that satisfied our probable cause."

Police say somehow the ticket Martin bought was flagged as stolen.

"It did ultimately turn out Eric Martin was right. He did buy that ticket there, and when the burglary happened the roll of tickets that was partially taken, they must've miscalculated when they flagged the tickets and too many of the surrounding ones that were left over were also flagged as being stolen in the burglary," Bado said. "This is really embarrassing for us to have a situation that where misinformation honestly gets out and makes us look worse than it was."

**THANKS FOR WATCHING**

ADVERTISEMENT

**Click Here for More Information**

Don't miss this content from our sponsor

Ad By Sponsor



Bado would not indicate that Martin escalated the incident.

"When he became unwilling to come back, that's when the interaction became a little but more adversarial," Bado said.

A statement from the state Gaming Commission says, "All we can say is that the Commission is concerned that the Speedway clerk failed to follow standard ticket-cashing protocols. We are reviewing the incident."

The Erie County DA's Office issued a statement: "After speaking with the Town of Tonawanda Police Department, the Erie County DA's Office requested that the court dismiss the case. Mr. Martin was not arraigned on the charges. The case was dismissed and sealed by operation of law."



Case 1:23-cv-00418... Lottery ticket mix up leads to man's arrest, charges dropped at Speedway in Tonawanda Filed 05/11/23 Page 9 of 31

10/22/21, 4:22 PM

Two officers have been brought up on departmental charges for COVID related arrest procedures.

2 On Your Side has reached out to Speedway for a response. We will post their statement if we receive one.







Case 1:23-cv-00419-WMS-MJR Document 1-2 Filed 05/11/23 Page 10 of 31

10/22/21, 4:22 PM

Millions of books, audiobooks, magazines, documents, sheet music, and more for free.

Department of Police
Town of Tonawanda, New York

State of New York
County of Erie
Town of Tonawanda

Complaint # 20-22364

**SUPPORTING DEPOSITION**

_____, being duly affirmed, depose and say that I am _____ years of age. Further I say

ON 7/5/20 A MALE TRIED TO CASH A $3°° SCRATCH OFF THAT
WAS FROM A STOLEN BATCH. A BLACK MALE WALKED A WHITE TICKET
CASHING THE SPEEDWAY, 435 KENMORE AVE. MY CO-WORKER CHRIS
LEWIS TRIED SCANNING THE SCRATCH OFF, THE MALE ABOUT THE
ONE OF THE SCRATCH OFFS CAME UP WITH AN ERROR, CALLED TO
CALL LOTTERY SECURITY IMMEDIATELY. I RECOGNIZED THE MALE
AS FROM THE BATCH THAT WAS STOLEN YESTERDAY. I CALLED
THE NUMBERS FROM THE TICKET TO THE ONES THAT WERE STOLEN AND
IT WAS A MATCH. SO I CALLED POLICE.

_Notice_ (Penal Law, Section 210.45)

It is a crime, punishable as a class "A" Misdemeanor under the laws of the State of New York, for a person, in and by a
written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to
be true.

Affirmed under penalty of perjury on this date __7_/_9_/_2020_
                                              Mo.   Day   Year

_____                    _____
OFFICER/DETECTIVE      #9                            DEPONIST

TTP-87 (7/15)



Next Up
Where will the new B...

10/22/21 4:22 PM

Case 1:23-cv-00419-WMS-MJR Document 1-1 Filed 05/11/23 Page 11 of 31

Millions of books, audiobooks, magazines, documents, sheet music, and more for free.



Download this PDF

## Related Articles

Buffalo Police investigating two Thursday night shootings

Niagara Falls woman charged in crash that killed passenger and injured two others

Crime Stoppers WNY offers reward in unsolved 2018 homicide

## You May Like

Sponsored Links by Taboola

New York Drivers With No DUIs Getting A Pay Day This October (Check If You Qualify)
Comparisons.org

Woman Files For Divorce After Seeing This Photo - Can You See Why?
VibrantWorld

Cher's Son Chaz Bono Is So Skinny Now And Looks Like A Model (Photos)
Daily Finance Stories



Case 1:23-cv-00419-WMS-MJR   Document 1-2   Filed 05/11/23   Page 12 of 31

**Man Gives Girlfriend A Necklace, 2 Years Later She Screams When She Realizes What's Inside**

Post Fun

**Who's the Richest Family in Each State?**

FamilyMinded



Make Home Happen

Your go-to source for top product buys, savvy shopping tips & maintenance recommendations. Plus expert buying advice on appliances, home, tech & more.

Ad by Consumer Reports

See More

LOADING NEXT ARTICLE...



More Videos

Next Up
Where will the new B...

STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

_____

ERIC C. MARTIN,

                     Plaintiff,

v.

THE TOWN OF TONAWANDA
POLICE DEPARTMENT
o/b/o THE TOWN OF TONAWANDA,
SPEEDWAY, LLC,
MARATHON PETROLEUM CORPORATION,
and JOHN DOE #1, 2, 3, 4, 5, 6, 7, 8
as employees of Defendant TOWN OF
TONAWANDA POLICE DEPARTMENT,

                     Defendants.

_____

**NOTICE OF
EXAMINATION
BEFORE TRIAL**

Index No. 808523/2021

**PLEASE TAKE NOTICE** that pursuant to Article 31 of the Civil Practice Law and Rules the testimony of **ERIC C. MARTIN** will be will be taken before a court reporter, who is not an attorney or employee of an attorney for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein at a mutually convenient place and on a mutually convenient date and time, with respect to evidence material and necessary in the defense of this action.

The fact that matters upon which such person or persons are to be examined are all the relevant facts and circumstances in connection with the allegations set forth in the complaint herein, including negligence, liability, notice and damages.

**PLEASE TAKE FURTHER NOTICE** that the parties to be examined are requested to produce upon said examination any and all records, memoranda and data in their possession relating to the

matters upon which the examination is sought herein for the purpose of refreshing the witness'

recollection.

Dated: Buffalo, New York                    COLUCCI & GALLAHER, P.C.
       August 2, 2021

_____
Paul G. Joyce
*Attorneys for Defendant The Town of*
*Tonawanda Police Department o/b/o*
*The Town Of Tonawanda*
2000 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 853-4080
pjoyce@colucci-gallaher.com

TO:    John Feroleto, Esq.
       Feroleto Law
       *Attorneys for Plaintiff*
       438 Main Street, Suite 910
       Buffalo, New York 14202
       (716) 854-0700

CC:    Brittany L. Hannah, Esq.
       **SUGARMAN LAW FIRM, LLP**
       *Attorneys for Speedway LLC and*
       *Marathon Petroleum Corporation*
       Office and Post Office Address
       211 West Jefferson Street
       Syracuse, New York 13202
       Telephone: 315-362-8942
       bhannah@sugarmanlaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

**ERIC C. MARTIN,**

                    *Plaintiff,*

vs.

**TOWN OF TONAWANDA POLICE DEPARTMENT
o/b/o THE TOWN OF TONAWANDA, SPEEDWAY LLC,
MARATHON PETROLEUM CORPORATION, and
JOHN DOE #1, 2, 3, 4, 5, 6, 7, 8,**

                    *Defendants.*

---

**NOTICE TO TAKE
DEPOSITION**

**INDEX NO.:  808523/2021**

---

    **PLEASE TAKE NOTICE** that, pursuant to CPLR Article 31, the video testimony of *Reporting Officer Brian Ienco*, shall be taken by Jack W. Hunt & Associates, Inc. relative to this matter before a notary public on *October 12, 2021 at 2:00 p.m. at Feroleto Law, 438 Main Street, Suite 910, Buffalo, New York 14202,* upon all the relevant facts and circumstances in connection with the accident alleged in plaintiff's complaint, including negligence, contributory negligence, liability and damages.

    **PLEASE TAKE FURTHER NOTICE** that the parties to be examined are requested to produce upon said examination any and all records, memoranda and data relating to the matters upon which examination is sought herein for the purpose of refreshing the witnesses' recollection.

    **PLEASE TAKE FURTHER NOTICE** that the deposition of the individual in charge of safety for the above-named parties is to be recorded on videotape. The videotape system will be operated by Feroleto Law, 438 Main Street, Suite 910, Buffalo, New York 14202.

DATED:     August 3, 2021
           Buffalo, New York

                              JOHN FEROLETO, ESQ.
                              FEROLETO LAW
                              *Attorneys for Plaintiff*
                              438 Main Street, Suite 910
                              Buffalo, New York 14202
                              Telephone: 716-854-0700


TO:    PAUL G. JOYCE, ESQ.
       MARC S. SMITH, ESQ.
       COLUCCI & GALLAHER, P.C.
       *Attorneys for Defendant The Town of Tonawanda*
       *Police Department o/b/o The Town of Tonawanda*
       2000 Liberty Building
       424 Main Street
       Buffalo, New York 14202
       Telephone: 716-853-4080


CC:    BRITTANY L. HANNAH, ESQ.
       SUGARMAN LAW FIRM, LLP
       *Attorneys for Speedway LLC*
       211 West Jefferson Street, Suite 20
       Syracuse, New York 13202
       Telephone: 315-474-2943

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

**ERIC C. MARTIN,**

*Plaintiff,*

vs.

**TOWN OF TONAWANDA POLICE DEPARTMENT
o/b/o THE TOWN OF TONAWANDA, SPEEDWAY LLC,
MARATHON PETROLEUM CORPORATION, and
JOHN DOE #1, 2, 3, 4, 5, 6, 7, 8,**

*Defendants.*

---

**NOTICE TO TAKE
DEPOSITION**

**INDEX NO.: 808523/2021**

---

    **PLEASE TAKE NOTICE** that, pursuant to CPLR Article 31, the video testimony of *Detective Mark Muscoreil*, shall be taken by Jack W. Hunt & Associates, Inc. relative to this matter before a notary public on *October 12, 2021 at 12:00 p.m. at Feroleto Law, 438 Main Street, Suite 910, Buffalo, New York 14202*, upon all the relevant facts and circumstances in connection with the accident alleged in plaintiff's complaint, including negligence, contributory negligence, liability and damages.

    **PLEASE TAKE FURTHER NOTICE** that the parties to be examined are requested to produce upon said examination any and all records, memoranda and data relating to the matters upon which examination is sought herein for the purpose of refreshing the witnesses' recollection.

    **PLEASE TAKE FURTHER NOTICE** that the deposition of the individual in charge of safety for the above-named parties is to be recorded on videotape. The videotape system will be operated by Feroleto Law, 438 Main Street, Suite 910, Buffalo, New York 14202.

DATED:      August 3, 2021
            Buffalo, New York

                                    _____
                                    JOHN FEROLETO, ESQ.
                                    FEROLETO LAW
                                    *Attorneys for Plaintiff*
                                    **438 Main Street, Suite 910**
                                    **Buffalo, New York 14202**
                                    **Telephone: 716-854-0700**


TO:   **PAUL G. JOYCE, ESQ.**
      **MARC S. SMITH, ESQ.**
      **COLUCCI & GALLAHER, P.C.**
      *Attorneys for Defendant The Town of Tonawanda*
      *Police Department o/b/o The Town of Tonawanda*
      **2000 Liberty Building**
      **424 Main Street**
      **Buffalo, New York 14202**
      **Telephone: 716-853-4080**


CC:   **BRITTANY L. HANNAH, ESQ.**
      **SUGARMAN LAW FIRM, LLP**
      *Attorneys for Speedway LLC*
      **211 West Jefferson Street, Suite 20**
      **Syracuse, New York 13202**
      **Telephone: 315-474-2943**

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

**ERIC C. MARTIN,**

*Plaintiff,*

vs.

**TOWN OF TONAWANDA POLICE DEPARTMENT
o/b/o THE TOWN OF TONAWANDA, SPEEDWAY LLC,
MARATHON PETROLEUM CORPORATION, and
JOHN DOE #1, 2, 3, 4, 5, 6, 7, 8,**

*Defendants.*

---

**NOTICE TO TAKE
DEPOSITION**

**INDEX NO.: 808523/2021**

 

 

**PLEASE TAKE NOTICE** that, pursuant to CPLR Article 31, the video testimony of *Officer Brian Valint*, shall be taken by Jack W. Hunt & Associates, Inc. relative to this matter before a notary public on *October 12, 2021 at 10:00 a.m. at Feroleto Law, 438 Main Street, Suite 910, Buffalo, New York 14202*, upon all the relevant facts and circumstances in connection with the accident alleged in plaintiff's complaint, including negligence, contributory negligence, liability and damages.

**PLEASE TAKE FURTHER NOTICE** that the parties to be examined are requested to produce upon said examination any and all records, memoranda and data relating to the matters upon which examination is sought herein for the purpose of refreshing the witnesses' recollection.

**PLEASE TAKE FURTHER NOTICE** that the deposition of the individual in charge of safety for the above-named parties is to be recorded on videotape. The videotape system will be operated by Feroleto Law, 438 Main Street, Suite 910, Buffalo, New York 14202.

DATED:      August 3, 2021
            Buffalo, New York


                              JOHN FEROLETO, ESQ.
                              FEROLETO LAW
                              *Attorneys for Plaintiff*
                              **438 Main Street, Suite 910**
                              **Buffalo, New York 14202**
                              **Telephone: 716-854-0700**


TO:   **PAUL G. JOYCE, ESQ.**
      **MARC S. SMITH, ESQ.**
      **COLUCCI & GALLAHER, P.C.**
      *Attorneys for Defendant The Town of Tonawanda*
      *Police Department o/b/o The Town of Tonawanda*
      **2000 Liberty Building**
      **424 Main Street**
      **Buffalo, New York 14202**
      **Telephone: 716-853-4080**


CC:   **BRITTANY L. HANNAH, ESQ.**
      **SUGARMAN LAW FIRM, LLP**
      *Attorneys for Speedway LLC*
      **211 West Jefferson Street, Suite 20**
      **Syracuse, New York 13202**
      **Telephone: 315-474-2943**

# COLUCCI & GALLAHER, P.C.

Direct Dial:     (716) 853-6509
Email:           pjoyce@colucci-gallaher.com

August 8, 2022

<u>Via First Class Mail</u>
John Feroleto, Esq.
Feroleto Law
438 Main Street, Suite 910
Buffalo, New York 14201

       Re:    *Martin v. The Town of Tonawanda Police Department, et al.*
               Index No. 808523/2021

Dear Mr. Feroleto:

Pursuant to Judge Panepinto's July 7, 2022 Order, enclosed is a disc containing copies of the training documents for Town of Tonawanda Police Department officers Ienco, Laugman, Valint, Muscoreil, Scranton and Heft. In addition, the disciplinary documents regarding the arrest of Eric Martin are also enclosed.

Very truly yours,

Paul G. Joyce
for COLUCCI & GALLAHER, P.C.

PGJ
Enclosure

Copy w/ enclosure by mail:  Brittany L. Hannah, Esq.

Case 1:23-cv-00419-WMS-MJR   Document 1-26   Filed 05/11/23   Page 22 of 31

STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

---

ERIC C. MARTIN,

        Plaintiff,

v.

THE TOWN OF TONAWANDA
POLICE DEPARTMENT
o/b/o THE TOWN OF TONAWANDA,
SPEEDWAY, LLC,
MARATHON PETROLEUM CORPORATION,
and JOHN DOES #1, 2, 3, 4, 5, 6, 7, 8
as employees of Defendant TOWN OF
TONAWANDA POLICE DEPARTMENT,

        Defendants.

**Index No.:** 808523/2021

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

COLUCCI & GALLAHER, P.C.
*Attorneys for the Town of Tonawanda*
*Police Department*
2000 Liberty Building
424 Main Street
Buffalo, New York 14202-4096
(716) 853-4080

*Paul G. Joyce*
*Marc S. Smith*
*of Counsel*

Case 1:23-cv-00419-WMS-MJR   Document 1-26   Filed 05/11/23   Page 23 of 31

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted by the Town of Tonawanda Police Department ("Tonawanda") in opposition to Plaintiff's motion to compel depositions of nonparty witnesses, pursuant to CPLR §3211(a)(5). Tonawanda respectfully requests that Plaintiff's motion to compel be denied, as it unduly burdens the defendants and deprives potential future defendants of procedural and substantive due process rights. A procedural history and referenced exhibits herein are attached to the Attorney Affirmation of Paul G. Joyce dated August 25, 2022 ("Joyce Aff.").

## ARGUMENT

Tonawanda requests that Plaintiff's motion to compel the depositions of three nonparty witnesses be denied because procedural violations should not constitute special circumstances to compel discovery of nonparty witnesses (CPLR § 3101; *Personale v. Hixon*, 101 AD2d 715 (4th Dept. 1984)). Despite having the identity of these individuals for almost two years, Plaintiff has failed to specify the John Doe defendants and amend the complaint to name those individuals, has not adequately described the John Doe defendants so as to put them on notice of the claims lodged against them, and is now attempting to bypass these procedural failures by taking the depositions of the potential defendants as nonparty witnesses. Plaintiff's motion should be denied because it is abusive of the discovery process, abusive of New York's Civil Procedural Laws and Rules, and unfairly prejudicial to the potential future defendants.

Plaintiff must satisfy a two-part test to employ the John Doe designation under CPLR § 1024. First, he must show they demonstrated timely due diligence in ascertaining the identity of the John Doe defendants and second, describe the John Doe defendant in such a

manner as to give them notice of the proceedings against them (*Duran v. County of Monroe*, 2019 WL 6464279 (USDC WDNY 2019)). A plaintiff's failure to exercise timely due diligence, and adequately describe the defendants so as to provide sufficient notice, bars them from using the John Doe designation. (*Luckern v. Lyonsdale Energy Ltd. P'ship*, 229 AD2d 249, 252 (4th Dept. 1997); *Carmer*, 66 AD3d 1435 (4th Dept. 2009)).

Granting Plaintiff's motion so that Plaintiff's Counsel can "include and rule out specific TPD personnel as defendants," would deprive potential future defendants of the opportunity to review and respond to the particular claims made against them, as well as the right to retain counsel of their choosing (*see* NYCRR § 1210.1, "Statement of Client's Rights"; Affirmation of John P. Feroleto, Esq., dated July 26, 2022 ¶ 9). Plaintiff is now many months past the statute of limitations to supplement his complaint to identify the individuals designated as John Does #1 through #8, and has only vaguely described the John Does as employees and agents of the Tonawanda police department (Feroleto Aff. ¶ 9). Granting Plaintiff's motion here would put potential future defendants under oath without the procedural safeguards of proper notice, and subject them to examination for claims that are barred by the statute of limitations.

Plaintiff's motion also fails to show cognizable special circumstances to compel nonparty depositions. Plaintiff's counsel claims these depositions are necessary for him to identify the individuals he has designated as John Does #1 through #8, individuals whom Plaintiff should have already identified through his exercise of timely due diligence (*see Luckern*, 229 AD2d at 252). The motion to compel is a blatant attempt to work around his obligations under CPLR § 2101(c) by abusing CPLR §1024. Plaintiff's counsel has conceded in his affidavit that his motion to compel is a fishing expedition to "include and rule out specific TPD personnel as defendants." (Feroleto Aff. ¶ 9). He has been provided the arrest

records, training records and disciplinary records relating to this arrest. This attempt to depose witnesses under oath, many of whom Plaintiff likely will identify as individual defendants, is not only procedurally improper, it is highly likely to undermine the rights of the potential future defendants.

As set forth below, Tonawanda will demonstrate that (1) Plaintiff has failed to properly identify the parties under CPLR §1024; (2) Plaintiff has failed to put interested parties on notice of the litigation pending against them; and (3) Plaintiff's counsel is attempting to exploit these procedural violations as special circumstances to compel nonparty depositions. *(see Luckern*, 229 AD2d at 252; *Carmer*, 66 AD3d at 1436; *Personale*, 101 AD2d 715).

## I.   PLAINTIFF FAILED TO EXERCISE DUE DILIGENCE IN IDENTIFYING THE JOHN DOE DEFENDANTS.

Plaintiffs may utilize the procedural mechanism of unidentified defendants, but only after they prove they have exercised timely due diligence in identifying the unknown parties. (*Walker v. GlaxoSmithKline*, LLC, 161 AD3d 1419, 1420 (3d Dept. 2018)). Failure by a plaintiff to exercise due diligence prior to the expiration of the statute of limitations acts as a bar for plaintiffs to exercise the John Doe designation (*see Luckern,* 229 AD2d at 252; *see also Moran v. County of Suffolk*, 189 AD3d 1219, 1220 (2d Dept. 2020)). Where, as here, Plaintiff fails to exercise his due diligence months after the expiration of the statue of limitations, plaintiff's counsel should be barred from exploiting the unidentified parties to compel depositions of those likely defendants as nonparties.

Timely due diligence requires a plaintiff to prove they exhausted many investigative measures in a timely manner before they can exercise the John Doe designation. *Luckern* is instructive as to what constitutes proper due diligence. In *Luckern*, plaintiff retained counsel

Case 1:23-cv-00419-WMS-MJR Document 1-26 Filed 05/11/23 Page 26 of 31

four months before the statute of limitations expired for a workplace injury claim (229 AD2d at 251). Plaintiff's claims involved many interdependent and undisclosed corporations that were involved in manufacturing a piece of machinery (*id.* at 254). Plaintiff's counsel filed the summons and complaint two days before the statute of limitations expired, with some of the parties designated as John Does (*id.* at 254). Within six months of filing, plaintiff's counsel served the defendants and moved to supplement the complaint to identify the unnamed parties (*id.*). The court held, "Plaintiffs' counsel demonstrated that they made a genuine and diligent effort to ascertain the identities of all potential defendants prior to commencement of the action" (*id.* at 253-254).

Timely due diligence is procedurally necessary to maintain a cause of action with unidentified defendants. In *Moran*, the plaintiff filed suit under 42 USC §1983 for *inter alia*, excessive use of force following an officer involved shooting (*Moran*, 189 AD3d at 1220). The *Moran* plaintiff identified the Officer as "John Doe" in the complaint (*id.*). The officer involved shooting had occurred in August of 2010, but plaintiff had failed to identify officer by name until 2015 (*id.*). The plaintiff's case was dismissed in both federal and state court, largely because plaintiff failed to prove he exercised timely due diligence in identifying the defendant (*see id,* at 1220-1221).

Unlike *Luckern*, Plaintiff's counsel in the present case has demonstrated no genuine and diligent efforts to identify the John Doe defendants. The facts underlying the claims in the complaint happened in July of 2020. Plaintiff was arrested for possession of stolen property on July 9th, 2020 (NYSCEF Doc. No. 17) based upon the accusation (and supporting deposition) that he was in possession of property that had been stolen in a recent break-in of a Speedway. After the Town was able to confirm that the witness was incorrect and that Mr. Martin had lawfully purchased the property, the charges were dismissed.

5

Thereafter, Plaintiff served a FOIL request on the Town on August 4th, 2020. (*See* Joyce Aff. Ex. A). Local news outlet WGRZ issued a free online publication reporting on plaintiff's arrest on August 28, 2020, which included the police report showing the unredacted names of Plaintiff's arresting officers (*https://www.wgrz.com/article/news/local/lottery-ticket-mix-up-leads-to-mans-arrest-charges-dropped-speedway-tonawanda/71-9f9edd4e-2241-4d9f-ae20-e534c14fbce4*). Plaintiff filed a Notice of Claim with the Town in September of 2020, and his Summons and Complaint on June 29th, 2021.  As of the date of this memorandum— over twelve months past the expiration of the statute of limitations for the false arrest and false imprisonment claims - plaintiff has demonstrated no efforts to properly identify the parties charged in the complaint, despite having the officers names and police report since 2020. Plaintiff's counsel has in fact, refused to amend the complaint, instead trying to use nonparty depositions to fish for information from potential future defendants.

Plaintiff's lack of timely due diligence is similar to *Moran*, where plaintiff abused the John Doe designation to achieve a procedural advantage. The present case arguably exceeds this example because Plaintiff's counsel was retained and began investigating the claims a mere month after Plaintiff's arrest. Plaintiff's counsel had essentially two years from the initiating incident to investigate and identify the parties designated as John Doe. Plaintiff has been armed from the beginning with information that is both publicly and readily accessible, as well as that which has been dutifully disclosed through FOIL requests and discovery. Yet, over two years following the initiating incident, Plaintiff instead chooses to abuse the John Doe designation to compel deposition of potential defendants as non-parties.

6

II.   PLAINTIFF HAS FAILED TO ADEQUATELY DESCRIBE THE JOHN DOE DEFENDANTS
SO AS TO PUT THEM ON NOTICE OF THE LITIGATION PENDING AGAINST THEM.

Plaintiff has had more than sufficient time and information to identify the parties designated as John Does #1 through #8, but has refused to properly identify the individuals, or even describe them in such a manner as to sufficiently put them on notice. Plaintiff's counsel, as it pertains to the present case, is obligated to identify the names of all defendants under CPLR § 2101(c), unless he can prove he exercised timely due diligence in identifying the parties or, the naming of defendants would put an individual at risk of harm (*see Luckern, id.*). Additionally, Plaintiffs are required to describe the unidentified defendants in such a way that they are "adequately described and would have known, from the description in the complaint, that they were the intended defendants" (*Carmer*, 66 AD3d 1435 (quoting *Lebowitz v. Fieldston Travel Bur.,* 181 AD2d 481, 482 (1st Dept. 1992))). In order to protect the due process rights of potential future defendants, and in furtherance of the principles of judicial economy and cost-effective discovery, Plaintiff's motion to compel nonparty depositions should be denied, and a scheduling order entered pursuant to Rule 202.12(c)(4) requiring the additional or necessary parties by a date certain, with deposition deadlines and a note of issue deadline to follow.

Plaintiff has failed to exercise due diligence in naming the unidentified parties, there is nothing to suggest identifying the parties would put anyone at risk of harm, and the present complaint fails to sufficiently describe the individuals so as to put them on notice of the claims against them. The Complaint only vaguely refers to John Does #1 through #8 as "employees or agents acting within the scope of their employment with TTPD." This abstract reference to unidentified employees is well short of the standard for adequately describing undisclosed parties.

Case 1:23-cv-00419-WMS-MJR   Document 1-26   Filed 05/11/23   Page 29 of 31

The failure to identify and adequately describe the John Doe defendants deprives potential future defendants of their opportunity to prepare their defense prior to testifying under oath. New York State's "Statement of Client's Rights," provides that a party to a lawsuit has the right to have an attorney handle their case competently, diligently, and free of any conflicts of interests (NYCRR § 1210.1 (2-3)). The John Doe defendants have been unable to assess their need to seek competent and diligent legal representation because Plaintiff has not adequately described them so as to put them on notice of the complaints pending against them (*See Carmer,* 66 AD3d 1435). Further, granting of Plaintiff's motion to compel would likely violate the due process rights of the potential future defendants as it will require them to testify under oath without the benefit of prior notice and counsel of their choosing, and open them up to additional depositions if they are named as individual defendants.

Plaintiff's attempt to depose potential future defendants as nonparty witnesses also violates the interests of litigative efficiency and judicial economy. CPLR § 3117(a)(1)-(2) governs specific uses of depositions for party and non-party witnesses. Plaintiff's counsel is attempting engage in depositions with individuals he is yet undecided on whether he will name as defendants. This will also hinder Tonawanda in preparing for Plaintiff's deposition, which has yet to take place and has priority.  Granting Plaintiff's motion would likely cause confusion in the litigation, and possibly lead to redundant, costly, and duplicative depositions.

Plaintiff's motion to compel depositions as a means to fish for information from potential future defendants is likely to cause due process violations in the present litigation. Plaintiff's motion should be denied because he has failed to properly put interested parties

Case 1:23-cv-00419-WMS-MJR   Document 1-26   Filed 05/11/23   Page 30 of 31

on notice of pending litigation, it unfairly prejudices potential future defendants, and granting his motion would likely cause gross inefficiency in the discovery process.

III.    PLAINTIFFS MUST SHOW SPECIAL CIRCUMSTANCES EXIST TO COMPEL THE DEPOSITION OF NON-PARTY WITNESSES.

A nonparty witness may only be deposed if their deposition is material, necessary, and there are special circumstances to compel their testimony (CPLR § 3101; *Personale*, 101 AD2d 715). Special circumstances to depose nonparty witnesses are generally found to exist where the nonparty has relevant information that cannot be ascertained by other reasonable means (*id.*). Plaintiff's failure to exercise timely due diligence in identifying or adequately describing the defendants should not be considered a special circumstance to compel deposition of these individuals as non-party witnesses, especially in light of their potentially being named as defendants.

Counsel's Affirmation provides a peculiar argument, wherein he argues these depositions are necessary to identify the John Doe defendants, a year after the statute of limitations has expired for claims against any individual involved in Plaintiff's arrest. (Feroleto Aff. ¶ 9). As previously shown, Plaintiff is abusing the procedural mechanism of CPLR § 1024 by failing to exercise timely due diligence in identifying undisclosed parties or even adequately describing them so as to put them on notice of the litigation.

Plaintiff is now attempting to argue that his prior failures to comply with the CPLR §§ 1024 and 2101(c) provides him special circumstances to compel deposition of nonparty witnesses. This claim is abusive of the procedural protections of New York's Civil Procedural Laws and Rules.  The motion to compel should be denied, Plaintiff should amend his complaint so that the status of the parties can be confirmed, and then deposition can take place in an efficient and cost-effective manner.  Granting the motion would subject the

Case 1:23-cv-00419-WMS-MJR   Document 1-26   Filed 05/11/23   Page 31 of 31

potential future defendants to questioning about claims that have not been made against them

individually with particularity or are barred by the applicable statute, as well a pre-deposition

access to the voluminous documents already disclosed in discovery. Tonawanda respectfully

requests that the Court deny Plaintiff's motion to compel, enter a scheduling order requiring

the John Doe defendants to be specifically named before depositions go forward, and avoid

unnecessarily cumbersome and costly discovery.

### CONCLUSION

Based on the foregoing, the Town of Tonawanda Police Department respectfully

requests that this Court deny Plaintiff's motion to compel depositions of the nonparty

witnesses, enter a scheduling order requiring that all amendment to the complaint must be

filed by a date certain, followed by a date for completion of depositions and the date for

filing a note of issue, as well as such other and further relief that the court deems necessary

and just.

DATED:     Buffalo, New York          COLUCCI & GALLAHER, P.C.
           August 25, 2022

                                      By: _____
                                          Paul G. Joyce
                                          Marc S. Smith
                                          *Attorneys for Defendant Town of*
                                          *Tonawanda Police Department*
                                          2000 Liberty Building
                                          424 Main Street
                                          Buffalo, New York  14202
                                          (716) 853-4080

10