UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC C. MARTIN,<br><br>    *Plaintiff,*<br>vs.<br><br>TOWN OF TONAWANDA POLICE DEPARTMENT<br>o/b/o TOWN OF TONAWANDA,<br>SPEEDWAY, LLC, MARK MUSCOREIL, and<br>BRIAN VALINT,<br><br>    *Defendants.* | Case No.: 23cv00419 |

Defendants THE TOWN OF TONAWANDA POLICE DEPARTMENT o/b/o THE TOWN OF TONAWANDA (hereinafter the "Town"), MARK MUSCOREIL, and BRIAN VALINT, by and through their attorneys, Colucci & Gallaher, P.C., respond as follows, upon information and belief, for its answer to the Plaintiff's Amended Complaint:

1. Admits the allegations contained in paragraphs 2, 6, 26, 41 and 60 of the Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 3, 4, 5, 7, 8, 9, 10, 11, 13, 29, and 59 of the Amended Complaint.

3. Denies the allegations contained in paragraphs 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 27, 28, 30, 31, 32, 34, 35, 36, 37, 38, 39, 42, 43, 44, 45, 51, 52, 54, 55, 57, 58, 61, and 62 of the Amended Complaint.

4. In answering paragraph 23 of the Amended Complaint, Defendant Town admits that a notice of claim was served and that plaintiff testified on December 7, 2020 at a 50-h hearing conducted by Defendant Town of Tonawanda.

5. In answering paragraphs 25, 33, 40, 46, 53, 63, 70, and 77 of the Amended Complaint, your answering Defendants repeat and reallege each and every admission or denial of the allegations contained in the preceding paragraphs referred to, with the same force and effect as though fully set forth herein.

6. Paragraphs 47, 48, 49 and 50 of the Amended Complaint alleges statements of law to which no response is required. However, to the extent that a response is required, your answering Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in said paragraphs.

7. Paragraphs 64, 65, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 78, and 79 are directed to defendant Speedway and therefore do not require a response from these answering Defendants. To the extent the allegations are against these answering Defendants, they are denied.

8. These answering Defendants deny each and every other allegation set forth in the Amended Complaint that is not specifically addressed above.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

9. The plaintiff's alleged causes of action fail to state a proper cause of action against these answering defendants and, therefore, should be dismissed.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

10.     That in the event there has been a settlement between plaintiff and Speedway, then the Town, Mr. Muscoreil and Mr. Valint will seek to have any claim against them reduced to the fullest extent permitted by law.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

11.     The acts of others, not under the control of the Town, Mr. Muscoreil or Mr. Valint are the proximate cause of damages alleged by the plaintiff.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

12.     That upon the trial of this action, it may appear that documentary evidence exists which establishes a complete defense to this action.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

13.     Upon information and belief, all or part of the cost of the plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources or with reasonable certainty, will be replaced or indemnified in the future from such collateral sources and to that extent the Town, Mr. Muscoreil and Mr. Valint request that in the event plaintiff recovers any judgment herein, that such amounts as have been or may be recovered in whole or in part from collateral sources be determined by the Court and the amounts plaintiff recovers be reduced by said amounts.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

14. Upon the trial of this action it may appear that all or a portion of the plaintiff's claimed injuries and damages were the result of culpable conduct on the part of the plaintiff, and in that event, the plaintiff should be barred from recovery or in the event that the plaintiff is entitled to recovery, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused such damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

15. Plaintiff has failed to exhaust administrative remedies, and as a result, some of his claims are barred.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

16. Plaintiff failed to mitigate his damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

17. That the Amended Complaint fails to state viable claims against the Town, Mr. Muscoreil and Mr. Valint, and therefore, should be dismissed as a matter of law.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

18. That this matter should not proceed in the absence of person who should be parties to this action.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

19. That the Town, through its agents and/or employees, took actions which were privileged as being judicial, quasi-judicial or discretionary determinations made by such agents and/or employees while acting within the scope of their duties as public officials are therefore, immune from any liability for such actions.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

20. There was probable cause to arrest the plaintiff.

**AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:**

21. Defendants Muscoreil and Valint, individually and in their official capacity as a police officer for the Town of Tonawanda, were at all times acting in good faith in the performance of their duties as employees of the Town of Tonawanda and are therefore entitled to qualified immunity.

**AS AND FOR THEIR CROSS-CLAIM AGAINST SPEEDWAY, LLC AND MARATHON PETROLEUM CORPORATION, THE TOWN, MR. MUSCOREIL AND MR. VALINT ALLEGE UPON INFORMATION AND BELIEF:**

22. The Town, Mr. Muscoreil and Mr. Valint deny any negligence or violation of rights on their part which was a proximate cause of the injuries alleged in the Amended Complaint, but if these answering Defendants are found liable to the plaintiff, then such liability will have been brought about by reason of the active and primary actions on the part of co-defendant Speedway, LLC, an employees of which swore out a Supporting Deposition accusing the plaintiff to the possession of stolen property, and if the Town, Mr. Muscoreil or Mr. Valint are found liable to any degree in this action to the plaintiff, then the Town, Mr. Muscoreil and Mr. Valint will be entitled to indemnification by and judgment over and

against co-defendant Speedway, LLC, or for such proportionate share as represents the full amount, degree or kind of negligence attributable to them, pursuant to applicable law.

WHEREFORE, Defendants the Town of Tonawanda, Mr. Muscoreil and Mr. Valint demand judgment dismissing the plaintiff's Amended Complaint, and, in the event that plaintiff is entitled to recover, the amount of damages recoverable should be diminished in the proportion which the culpable conduct attributable to the plaintiff or codefendants, bears to the culpable conduct which caused the damages, together with the costs and disbursements of this action.

DATE: May 22, 2023
Buffalo, New York

COLUCCI & GALLAHER, P.C.

_____
Paul G. Joyce
Marc S. Smith
350 Main Street
800 Main Place Tower
Buffalo, New York 14202
(716) 853-4080
pjoyce@cgbuffalo.com
msmith@cgbuffalo.com
*Attorneys for Defendants Town of Tonawanda, Muscoreil and Valint*

TO: John Feroleto, Esq.
FEROLETO LAW
*Attorneys for Plaintiff*
438 Main Street, Suite 910
Buffalo, New York 14201
(716) 854-0700

Brittany L. Hannah, Esq.
SUGARMAN LAW FIRM, LLP
*Attorneys for Speedway LLC and Marathon Petroleum Corporation*
Office and Post Office Address
211 West Jefferson Street
Syracuse, New York 13202
Telephone: 315-362-8942
bhannah@sugarmanlaw.com

6