UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIC C. MARTIN,

       Plaintiff,

  v.              **DECISION AND ORDER**
                     23-CV-419S
TOWN OF TONAWANDA POLICE DEPARTMENT,
*o/b/o Town of Tonawanda,* BRIAN VALINT,
MARK MUSCOREIL, and SPEEDWAY, LLC,

       Defendants.

## I. INTRODUCTION

Presently before this Court is Plaintiff Eric C. Martin's motion to remand this case under 28 U.S.C. § 1447 (c) to the New York State Supreme Court, County of Erie, from which Defendants Brian Valint and Mark Muscoreil removed it. Because this Court finds that removal was procedurally defective, Martin's motion will be granted.

## II. BACKGROUND

This suit concerns a July 2020 encounter between Martin and Town of Tonawanda police officers at a Speedway gas station and retail store on Kenmore Avenue in Tonawanda, New York. See Amended Complaint, Docket No. 1-5, ¶¶ 8-15. Martin alleges that he was racially profiled and wrongfully accused, arrested, and detained for attempting to redeem a stolen New York State lottery ticket at the store. See id.

After serving Notices of Claim, Martin filed suit in New York State Supreme Court, County of Erie, on June 29, 2021. See Notice of Removal, Docket No. 1-1, ¶¶ 1-3 and Exhibits A-C. He named as defendants the Town of Tonawanda Police

1

Department; Speedway, LLC; Marathon Petroleum Corporation;[1] and John Does 1-8. See id. ¶ 4; Complaint, Docket No. 1-4, ¶¶ 2-7. Along with other state-law claims, Martin alleged federal causes of action against John Does 1-5 under 42 U.S.C. § 1983 for deprivation of his Fourth, Fifth, and Fourteenth Amendment rights, and against John Does 6-8 for general violations of his federal constitutional rights. See Complaint, ¶¶ 40-45, 46-52, 53-62.

Nearly two years later, on April 14, 2023, Martin filed an amended complaint. See Notice of Removal, ¶ 5 and Exhibit D. The amended complaint is substantially the same as the complaint, except that Martin names Town of Tonawanda police officers Brian Valint and Mark Muscoreil as defendants and removes John Does 1-8. See id. ¶¶ 6-7 and Exhibit D.

Twenty-eight days after Martin filed his amended complaint, newly-named Defendants Valint and Muscoreil removed it to federal court on May 11, 2023, on the basis of federal-question jurisdiction (28 U.S.C. § 1331) and the existence of equal rights issues (28 U.S.C. § 1443). See Notice of Removal, ¶ 7. Before doing so, counsel for Valint and Muscoreil received verbal consent to removal from Speedway's counsel. See Speedway Memorandum of Law, Docket No. 14-1, p. 5; Affidavit of Paul Joyce, Docket No. 16, ¶ 10. Martin then moved for remand to state court, together with costs, disbursements, expenses, and attorney fees, on June 8, 2023, see Docket No. 10. Defendants responded in opposition on June 26 and 28, 2023, see Docket Nos. 14-17, and Martin replied on July 3, 2023, see Docket No. 18. Upon receipt and review of

---

[1] Martin subsequently discontinued the action as against Marathon Petroleum Corporation by stipulation. See Stipulation of Partial Discontinuance, Docket No. 1-10.

2

the papers, this Court took Martin's motion under advisement without oral argument. See Docket No. 13.

## III. DISCUSSION

### A. Removal

A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction in the place where the state-court action is pending. 28 U.S.C. § 1441 (a). District courts have original jurisdiction over all civil actions arising under the Constitution, treaties, or laws of the United States, and over all civil actions between citizens of different states, if the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332 (a)(1).

Out of respect for states' rights and in keeping with the limited jurisdiction of federal courts, removal jurisdiction is "strictly construed," with all doubts resolved against removal. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). The removing defendant bears the burden of establishing proper removal, through a demonstration of both subject-matter jurisdiction and compliance with all relevant procedural requirements. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); United Food & Com. Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Metro. Transp. Auth. v. U.S. Fid. & Guar. Co., No. 14 Civ. 9059 (PAE), 2015 WL 1730067, at *7 (S.D.N.Y. Apr. 14, 2015).

3

1. **Subject-matter Jurisdiction**

Remand of a removed action is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447 (c). In the absence of diversity jurisdiction, such as here, "the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 8, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); see also Abbo-Bradley v. City of Niagara Falls, 73 F.4th 143, 146 (2d Cir. 2023) ("Federal question jurisdiction is part of the 'original jurisdiction' of the federal district courts."). District courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, a civil action filed in state court may be removed to a federal court if it asserts claims "arising under" federal law. See 28 U.S.C. § 1441 (a).

A claim arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax, 463 U.S. at 27-28; Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006) (reiterating Franchise Tax standard). Importantly, it is the plaintiff's complaint that determines whether the case arises under federal law: "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); Franchise Tax, 463 U.S. at 10; Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S. Ct. 724, 58 L. Ed. 1218 (1914). "[A] right

or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First Nat'l Bank, 299 U.S. 109, 112, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936). This preserves the plaintiff's role as "master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998).

Consequently, the existence or assertion of a federal defense does not give rise to federal-question jurisdiction. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004); City of Rome, N.Y. v. Verizon Commc'ns Inc., 362 F.3d 168, 175 (2d Cir. 2004). "[A] defense that relies on the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute, will not provide a basis for removal." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) (citations omitted). Moreover, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). A case is therefore generally not removable unless the complaint itself affirmatively alleges a federal claim. Beneficial Nat'l Bank, 539 U.S. at 6.

**2. Procedural Requirements**

The removal procedure is set out by statute. "If any defect in the removal procedure occurs, courts are authorized to remand a case to the state court in which the action originated." Gary v. City of New York, 18 Civ. 5435 (ER), 2018 WL 5307096, at *2 (S.D.N.Y. Oct. 26, 2018) (citing 28 U.S.C. § 1447 (c)). "While a procedural defect in

removal does not deprive a federal court of jurisdiction, all doubts as to the procedural validity of removal will be resolved in favor of remand." Id.

To effectuate removal, the removing defendant must file a signed notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446 (a); see also Abbo-Bradley, 73 F. 4th at 146; Taylor v. Medtronic, Inc., 15 F. 4th 148, 150 (2d Cir. 2021). "Most courts hold that the failure to include documents from the state court record is a mere procedural defect, not a jurisdictional defect requiring remand." Sutraban v. Worsley, 22 Civ. 5293 (VMS), 2023 WL 742236, at *2 (E.D.N.Y. Mar. 30, 2023) (citing cases).

The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446 (b). This 30-day filing period, "while not jurisdictional, is mandatory and failure to comply with it will defeat a defendant's removal petition." Nicola Prods. Corp. v. Showart Kitchens, Inc., 682 F. Supp. 171, 172 (E.D.N.Y. 1988); see also Abbo-Bradley, 73 F.4th at 146 ("No matter the grounds for removal . . a notice of removal must follow the timeliness requirements Congress set forth in 28 U.S.C. § 1446."). "[A]bsent waiver or estoppel, the thirty day period cannot be extended by court order, stipulation of the parties, or otherwise." Nicola, 682 F. Supp. at 173. "If a notice of removal is untimely, the case must be remanded to the state court." Abbo-Bradley, 73 F. 4th at 146.

A removing defendant must also satisfy the "rule of unanimity" within the 30-day period. When a civil action is removed solely under 28 U.S.C. § 1441 (a), "all

defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446 (b)(2)(A).  Known as the "rule of unanimity" before its incorporation into the statute, the rule requires that each defendant "independently express their consent to removal" within the 30-day time period. Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012); see also Taylor, 15 F. 4th at 150 ("And within that thirty-day window, 'all defendants who have been properly joined and served must join in or consent to the removal of the action' the so-called rule of unanimity") (quoting 28 U.S.C. § 1446 (b)(2)(A)).  "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446 (b)(2)(C).  The failure of any defendant to properly consent to removal within the 30-day period renders the petition for removal untimely.[2]  See Donaldson v. Westfield Am., Inc., 3:21-CV-209 (KAD), 2021 WL 1178376, at *1 (D. Conn. Mar. 29, 2021) (quoting Edelman v. Page, 535 F. Supp. 2d 290, 293 (D. Conn. 2008)).

A non-removing defendant's expression of consent must come in the form of a written submission unambiguously agreeing to removal.[3]  See Doe v. Warner, 23-cv-862 (DLI)(ARL), 2023 WL 2349914, at *4 (E.D.N.Y. Mar. 3, 2023) (citations omitted).  A

---

[2] There are three recognized exceptions to the rule of unanimity, none of which apply here.  A removing defendant need not gain the consent of any co-defendant where "'(1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441 (c).'" Paige v. City of New York, 21-CV-11104 (JGK), 2023 WL 3122989, at *2 (Apr. 27, 2023) (quoting Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999)); see also Heller v. New York City Health & Hosps. Corp., No. 09 Civ. 6193 (LTS)(GWG), 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010).

[3] Requiring written consent "serves the policy of insuring the unanimity necessary for removal . . . [and] is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand." Miller v. First Sec. Invs., Inc., 30 F. Supp. 2d 347, 351 (E.D.N.Y. 1998) (citation omitted).

non-removing defendant merely advising a removing defendant that it consents to removal is insufficient.  See Amparo v. City of Yonkers, 21-CV-2672 (PMH), 2021 WL 2313468, at *1 (S.D.N.Y. May 20, 2021); Gary, 2018 WL 5307096, at *2.  "Instead where . . . the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period."  Metro. Transp. Auth., 2015 WL 1730067, at *4.

The removal statute does not allow a defendant to consent to removal after the 30-day deadline passes.  See Taylor, 15 F. 4th at 151.  "Where . . . a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent."  Id.  Moreover, "nothing in [28 U.S.C. § 1446] provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses."  Id. at 153.  "The failure to file written consent for all defendants is a 'fatal procedural defect' that warrants remand."  Jean-Jacques v. Uber Techs., Inc., 22-CV-6138 (FB), 2022 WL 17095036, at *1 (E.D.N.Y. Oct. 21, 2022) (citations omitted); Bedminster Fin. Grp., LTD v. Umami Sustainable Seafood, Inc., No. 12 Civ. 5557 (JPO), 2013 WL 1234958, at *6 (S.D.N.Y. Mar. 26, 2013) (same).

### B. Martin's Motion to Remand

Martin does not challenge the jurisdictional aspects of removal, which are satisfied here through the combination of federal-question and supplemental jurisdiction. See Reply Memorandum, Docket No. 18, p. 4 ("Plaintiff does not dispute there are claims involving federal questions of law in which federal jurisdiction would apply.")

Martin maintains, however, that remand is required because removal is procedurally deficient and equitably unfair.  As to the procedural deficiencies, Martin argues that removal is untimely, that it was waived, and that defendants violated the rule of unanimity.  As to the equities, Martin maintains that removal should not be permitted because state-law claims predominate and Defendants should not be permitted to begin litigation anew in federal court after already litigating for two years in state court.  Defendants maintain that removal is proper in all respects.

At the outset, this Court notes that the majority of Martin's arguments are unpersuasive, primarily because they fail to distinguish among the defendants in assessing their individual rights to removal (the timeliness and waiver arguments),[4] and because they rely on considerations that do not inform whether Defendants Valint and Muscoreil carried their burden of demonstrating that removal is both jurisdictionally and procedurally proper (the equity arguments).  This Court need not analyze those arguments in detail because one of Martin's other arguments—violation of the rule of unanimity—is both persuasive and dispositive.  See Westmoreland v. Wawona

---

[4] Indeed, Martin fails to distinguish between Valint and Muscoreil, who were not named as defendants until the amended complaint, and the Town of Tonawanda Police Department and John Does 1-8, who were named two years earlier in the initial complaint, defining them collectively in his memorandum as the "TTPD Defendants."  See Memorandum of Law, Docket No. 10-18, p. 5 (defining the TTPD Defendants as "Town of Tonawanda Police Department o/b/o Town of Tonawanda, Mark Muscoreil f/k/a John Doe 1 and Brian Valint f/k/a John Doe 2").  Nowhere in the amended complaint are Valint or Muscoreil alleged to be f/k/a John Does 1 or 2.

9

Packaging Co., LLC, 16-CV-5981 (MKB)(RLM), 2016 WL 7165959, at *2 n.2 (E.D.N.Y. Dec. 8, 2016) ("Because the Court concludes that the action was improperly removed for lack of unanimity, it also declines to reach the other potential defects of Defendants' Notice of Removal.").

Valint and Muscoreil removed this action pursuant to 28 U.S.C. § 1441 (a) on the basis of federal-question jurisdiction under 28 U.S.C. § 1331.[5]  See Notice of Removal, ¶ 7.  Because removal occurred solely under § 1441 (a), all defendants who were joined and properly served were required to consent to removal in writing, as set forth above.  See 28 U.S.C. § 1446 (b)(2)(A).  All defendants here were joined and properly served, yet not all of them unambiguously agreed to removal in writing.

In particular, the papers reflect that Defendant Speedway LLC failed to properly consent: It did not sign the notice of removal, nor did it subsequently file unambiguous written consent to removal within the 30-day period.[6]  See Metro. Transp. Auth., 2015 WL 1730067, at *4 (finding that notice of removal failed the rule of unanimity where

---

[5] Valint and Muscoreil also purport to remove under 28 U.S.C. § 1443 (Civil rights cases), see Notice of Removal, ¶ 7, but neither makes a colorable claim under that statute, which relates to circumstances involving the denial of equal rights in terms of racial equality.  See Agyin v. Razmzan, 986 F.3d 168, 174 (2d Cir. 2021); Johnson v. Mississippi, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975).  First, Valint and Muscoreil do not allege that *their* rights under a law providing for equal rights are being denied or cannot be enforced in state court.  See 28 U.S.C. § 1443 (1); see also Johnson, 421 U.S. at 219 (setting out two-part test for removal under § 1443 (1)); Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 773 (2d Cir. 1988) (finding that § 1443 (1) only "permits removal by a defendant whose petition recites facts that would be sufficient, if true, to permit the federal court to infer that in the state proceeding the defendant will be denied specific equal civil rights").  Second, neither alleges that they sought to enforce a law providing for equal rights or sought to avoid violating such a law.  See 28 U.S.C. § 1443 (2); see also Speer v. City of New London, 537 F. Supp. 3d 212, 223 n. 12 (D. Conn. 2021).  The sole valid basis for removal is therefore 28 U.S.C. § 1441 (a).

[6] It is less clear whether the Town of Tonawanda Police Department properly consented to removal.  Counsel for Valint and Muscoreil also represents the Town of Tonawanda Police Department.  The Notice of Removal is signed by counsel in his capacity as counsel for all three defendants, but nowhere in the notice does it explicitly state that the Town of Tonawanda Police Department agrees to removal.  See, e.g., Sutraban v. Worsley, 22 Civ. 5293 (VMS), 2023 WL 2742236, at *3 (E.D.N.Y. Mar. 30, 2023) (finding rule of unanimity satisfied where notice of removal was filed on behalf of defendants who shared counsel).  In any event, this Court need not resolve this issue given the dispositive nature of Valint and Muscoreil's failure to properly obtain and report Speedway's consent to removal.

none of the co-defendants signed the notice of removal or submitted any written report of their consent). Rather, it is undisputed that counsel for Speedway LLC simply confirmed consent to counsel for Valint and Muscoreil. See Speedway Memorandum of Law, Docket No. 14-1, p. 5 ("As to consent, Speedway notes that its counsel, Brittany L. Hannah, Esq., consented to the removal to counsel for Defendants, Muscoreil and Valint, verbally by telephone prior to the removal."); Affidavit of Paul Joyce, Docket No. 16, ¶ 10 ("Attorney for Defendant Speedway L.L.C. [sic], Brittany L. Hannah, acting on behalf of Speedway, verbal [sic] consent to remove this case to federal court on April 23rd, 2023."). This type of informal consent is insufficient to satisfy the rule of unanimity. See Gary, 2018 WL 5307096, at *2. Remand is therefore required. See Jean-Jacques, 2022 WL 17095036, at *1 ("The failure to file written consent for all defendants is a 'fatal procedural defect' that warrants remand.") (citations omitted); Gary, 2018 WL 5307096, at *2 (remanding where it was undisputed that properly joined and served defendants failed to properly consent to removal); Westmoreland, 2016 WL 7165959, at *3 (collecting cases remanding removed actions to state courts for failure to satisfy the rule of unanimity); Thomas & Agnes Carvel Found. v. Carvel, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010) (noting that failure to satisfy the rule of unanimity "amounts to a procedural defect in the removal process and justifies a remand by the federal court").

In concluding that remand is required, this Court has considered that Martin first raised this procedural defect in his reply papers. While arguments first raised in reply are ordinarily waived and not considered, see United States v. Yousef, 327 F.3d 56, 115 (2d Cir. 2003), this Court finds several reasons to consider Martin's argument here.

11

First, Muscoreil and Valint, not Martin, shoulder the burden of establishing proper removal, and they admit in their papers that not all defendants filed written, unambiguous consent to removal.  See Metro. Transp. Auth., 2015 WL 1730067, at *7.  Second, this Court must assure itself that removal is proper, and it lacks any authority to overlook violations of the rule of unanimity.  See Taylor, 15 F. 4th at 153.  Third, Martin generally argued in his opening brief that removal was untimely, and violations of the rule of unanimity go to timeliness.  See Edelman, 55 F. Supp. 2d at 292.  Fourth, the rule-of-unanimity violation is undisputed, given counsel's admission that Speedway provided only verbal consent between counsel.  See Gary, 2018 WL 5307096, at *2 ("Consent communicated among defendants is insufficient.").  Accordingly, this Court considers Martin's argument and finds that remand is appropriate.  See Metro. Transp. Auth., 2015 WL 1730067, at *8 (ordering remand despite rule-of-unanimity arguments raised for first time in reply).

Finally, Martin requests an award of costs, disbursements, expenses, and attorney fees incurred as a result of the improper removal.  Twenty-eight U.S.C. § 1447 (c) provides that a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Such an award falls within the discretion of the court and is generally warranted "only where the removing party lacks an objectively reasonable basis for seeking removal."  Martin v. Franklin Cap. Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); see also Morgan Guar. Tr. Co. v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1994).  A basis for removal is "objectively reasonable" if it is grounded in a colorable argument.  See In re Standard & Poor's Rating Agency Litig., 23 F. Supp. 3d 378, 407 (S.D.N.Y.

2014) ("A basis for removal is 'objectively reasonable' if the removing party had a colorable argument that removal was proper.")

Here, this Court finds that it was not objectively unreasonable for Valint and Muscoreil to believe that removal was proper given that they were named as defendants for the first time in the amended complaint and there was no objection to removal by any other defendants. The fact that Valint and Muscoreil could not demonstrate full compliance with the rule of unanimity itself does not warrant the award Martin seeks. See Kuperstein v. Hoffman-Laroche, Inc., 457 F. Supp. 2d 467, 472 (S.D.N.Y. 2006) ("The mere fact that the defendant fails to carry his burden does not of itself require an award of costs to the plaintiff."). In any event, this Court would further deny the award as a matter of discretion.

## IV. CONCLUSION

Defendants Valint and Muscoreil have failed to carry their burden of demonstrating proper removal. Because the rule of unanimity is not satisfied, remand of this case to the New York State Supreme Court, County of Erie, is required. Martin's request for costs and fees is denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion to Remand (Docket No. 10) is GRANTED.

FURTHER, that Plaintiff's request for an award of costs, disbursements, expenses, and attorney fees is DENIED.

FURTHER, that the Clerk of Court is directed to TRANSFER this case to the New York State Supreme Court, County of Erie, and then CLOSE this case.

SO ORDERED.

Dated:    December 11, 2023
          Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
